## MARY J. WILSON *v.* REBECCA COX *et al.*

1. WILLS, FOREIGN—WHEN PROBATED HERE.—Foreign wills touching or disposing of estate within this State, are allowed to be probated here. Code, 1857, p. 435.

2. RENUNCIATION OF WILLS.—Renunciation of a will by the widow, under the Code of 1857, p. 467, applies to domestic wills.

3. RENUNCIATION OF FOREIGN WILLS.—Renunciation of a foreign will, made in the foreign jurisdiction, will under the rules of comity be respected here, and should have such effect upon the widow's legal rights as that law allows. They cannot be renounced in the forum of the domicile, so as to give a different effect to the provisions of the will than allowed by the laws of the domicile. Garland, executor v. Rowan, 2 S. & M., 636, Slaughter v. Garland, 40 Miss. Rep., 177.

4. DOWER AT COMMON LAW.—At common law a widow could take both the devis

and dower, unless by the will expressly, or by strong implication, the former was in lieu of the latter.

5. EFFECT OF ART. 168. CODE OF 1857, P. 468.—This statute repeals the general law and introduces the rule, that a devise or bequest to the widow, shall be construed to be in lieu of dower and share of personal estate, and is only applicable to wills disposing of or effecting property situated here.

6. EFFECT OF STATUTE ON DOWER.—The statute does not confer absolute power on the husband to bar dower by his will, but treats the dower estate as did the common law, as shielded from his control. The statute declares the arbitrary interpretation of a testamentary provision for the wife to be in lieu of dower, unless she declines to accept it on those terms.

7. EFFECT OF ART. 100, CODE OF 1857, P. 452—The effect of this statute is to subject the property, real and personal, of every intestate decedent, to the local law, for the rule of distribution. The same rule applies where there has been partial intestacy.

8. CONSTRUCTION OF WILLS DISPOSING OF PROPERTY IN DIFFERENT STATES.—A will disposing of property, in two or more jurisdictions, ought to have uniform effect as to all the beneficiaries under it. That cannot be done unless it pertains to the forum of the domicile, to give to the widow the election to accept under the will or to abandon it, and take under the law.

9. ELECTION, WHERE MADE.—A widow's election, if made at law, must be in the forum of the original probate, whose law fixes her rights as distributee in all the jurisdictions where property may be situated.

10. LAW OF LOUISIANA ON THIS SUBJECT.—By the law of Louisiana a widow cannot renounce a will and take in lieu thereof a legal share of the husband's estate. There may be a renunciation of a succession, whether by testament or operation of law, but that is a total abandonment of all right. Civil Code, art. 970.

Appeal from the chancery court of Amite county. Hon. D. N. WALKER, Chancellor.

The opinion of the court contains a sufficient statement of the case.

*G. L. Potter and E. Safford*, for appellant:

As the will in this case is a foreign will, disposing of foreign property, not a will "touching or disposing of estate within this State," it could not be probated here. Code of 1857, p. 433, art. 42; ib., p. 45, art. 49. The property of the testator, in this State, is not mentioned in his will, and is left, therefore, to descend and be distributed as the law of this State directs. If the general law should give the wife the whole residue of the estate not disposed of by the will, that result would not be contrary to any intent whatever, shown in the will.

A mere bequest to the widow, does not, under the general

law, bar her of dower; but the provisions of the will must be such as to show a plain intent that she shall not have both the devise and the dower. In order to bar her by implication, the provisions of the will must be absolutely inconsistent with the claim of dower, so that the intention of the testator will be defeated as to some part of the property devised or bequeathed to others, if she takes dower as well as the provision made for her under the will. Sanford v. Jackson, 10 Paige, 269; Tyler on Infancy and Coverture, 566, 567. Where there is a bequest to the widow, she will take it and her dower, unless it appears expressly by the will, or strongly by implication, from the instrument itself, that it was the intent of the testator that she should not have both. Ib., 568, 569, 571, 595.

Until a will is probated here, a widow is not put to her election under our statute, and in case where the particular will, as in this case, cannot be probated here, she can never be put to her election under that statute. Slaughter v. Garland, 40 Miss., 180. Although a will of lands must be executed according to the law of the *situs*, nevertheless its interpretation must be according to the law of the domicile, except in cases where some local policy is violated. The intent of the testator must prevail as far as may be permitted. Garland v. Rowan, 2 S. & M., 629 *et seq*. The law of the State of Louisiana must govern this case, as did the law of Virginia in the case of Slaughter v. Garland, *supra*. As far as the lands in this State are concerned, this case should be regarded as one of intestacy.

*W. P. Harris*, for appellee :

An examination of the laws of this State will show that the widow, as to the real and personal estate undisposed of and situated here, stands upon Mississippi law uneffected by the law of the domicile of the decedent. 2 Scribner on Dower, 24. In the case of Garland v. Slaughter, 40 Miss., 172, the court held that article 110 of the Code, page 452, refers to cases of complete intestacy; but the language

plainly indicates that property undisposed of and situated here is governed by that article. The right of the widow, therefore, is subject to all the restrictions and modifications to be found in the Code; and every devise of land or bequest of personalty to the wife of decedent, shall be construed to be in bar of dower or distributive share of the estate. Code of 1857, p. 468, art. 168; Whitley v. Stevenson, 38 Miss., 113.

SIMRALL, J., delivered the opinion of the court:

Daniel P. Wilson, a citizen of Louisiana, domiciled and resident in the parish of St. Helena, departed this life in 1869, having made a last will and testament, which was duly proved and established in the proper court of that State. The testator demised and bequeathed all of his property, real and personal, situate in the State of Louisiana, to his widow, Mary J. Wilson. At the time of his death he was seized in fee of land in Amite county, Mississippi, consisting of about eleven hundred acres, (which are described in the pleadings.) The widow applied, by petition, for dower in these lands, alleging, (among other things), that her husband made no testamentary disposition of his property in this State, but as to such property died intestate; that he left no children or descendants. Rebecca Cox, who had been appointed administratrix by the probate court of Amite county, and the next of kin of deceased, his heir at law, demurred to the petition. From the decree sustaining the demurrer and dismissing the petition, the widow appeals to this court.

It is very plain that this is a case of intestacy as to the property in this State. There are but two disposing clauses in the will, one directing the executor to pay debts, the other giving the property in Louisiana to the wife. This will, could not have been probated and admitted to record in this State. The 49th article of the chapter establishing the probate court, and regulating proceedings therein, Code, 1857, p. 435, defines what wills, made and proved in other States,

(foreign wills) may be admitted to probate in this State, viz.: "Those touching or disposing of estate within this State." If a "proved copy" of this will had been propounded for probate, the conclusive objection would have been that it " does not touch or dispose of estate" here.

Renunciation of the provisions of a will must be made within six months after Probate, and in the Court where the Probate was made. Code, p. 467, § 162. The statute has reference to domestic wills. Renunciation of a foreign will, made in the foreign jurisdiction, will under the rules of comity be respected here; and, according to that law, be respected here, and should have such effect upon the widow's legal rights as that law allows. To hold that a foreign will may be renounced in the forum of the domicile, but as to the property in another State the widow may take such distributive share as its law prescribes, might lead to consequences the most absurd, producing inequalities in the portions of the legatees, which the testator never contemplated, and which would defeat his intentions. In Garland, executor, v. Rowan, 2 S. & M., 636 such result was clearly pointed out. There the testator had property in Virginia, (the place of his domicile) in Kentucky and in Mississippi. If the effect of the renunciation were confined to Virginia, the estate in Kentucky and Virginia might be exhausted by creditors, leaving nothing for the widow and legatees except the property here. Our statute is more gracious to the widow than that of Virginia, giving her absolutely the same amount of property to which the former only bestowed a life interest; thus giving her a large advantage over others who took under the will. That case was decided prior to the revision of 1857.

Similar considerations brought the court to the same conclusion, notwithstanding the changes made in the law by the code of 1857. In Slaughter v. Garland, 40 Miss. Rep., 177, the testator died in 1861, domiciled in Virginia. The widow renounced in that State, and filed a copy of the act in Mississippi, claiming to be endowed of the lands and have distribution of the personalty situate in Mississippi, ac-

cording to its law, which gave her, (there being no child, or descendants) a much larger share than the Virginia law. It was insisted that the claim of the widow was supported by the 110th sec. of Code, p. 452.  But·it was held that her rights would be measured by the law of Virginia, and not of this State ; " because there cannot be a renunciation here, which would have a different effect from the law of Virginia. The privilege of renunciation in effect confers upon the widow the right of " election," to take under the will, or under the law of descents and distributions.  Mrs. Wilson could not avail herself of the statute allowing a renunciation, because this will could not be probated here at all, and be· cause the law of Louisiana, the State of the testator's domi· cile, and to whose forum the original probate pertained recognized no such right.

The 168th Art. of Code, p. 468, which repeals the general law, and introduces the rule, that a devise or bequest to the widow, shall be construed to be in lieu of dower, and share of personal estate, can only apply to wills which dispose of, or affect, property here.

The general effect and interpretation of a will, is referred to the law of the domicile.  Art. 112, Code of 1857, p. 453, declares that all estate, real and personal, not devised or be· queathed shall be distributed as in case of intestacy, and shall be administered accordingly; that is to say, property, not disposed of by the will, shall descend and be distribu· ted as in case of intestacy.  Art. 49, p. 435, allowed foreign wills, which had been duly proved abroad, to probate in this State, if such will touched or disposed of estate here.  Art. 110, p. 452, repealed the old law, which distributes an intes· tate's estate, domiciled abroad, according to the law of that State, and enacted that notwithstanding the domicile of the decedent may have been in another State, distribution shall be according to the law of this State.

The effect of the statute is to subject the property, real and personal, of every intestate decedent, to the local law,

for the rule of distribution, and the same rule applies, when there has been intestacy as to only part of the estate.

The common law was that a widow should take both the devise and dower; unless by the will, expressly or by strong implication, the former was in lieu of the latter.

At common law, the widow could not, by the act of the husband, be deprived of dower. Her inchoate right. during coverture, was beyond his reach and control. It was her estate incident to marriage, and the seizin not depending on the grace and favor of the husband. Whatever testamentary gifts, therefore, were made, by the husband to her, stood in the same category as such gifts to other persons. They were not in ademption or satisfaction of dower. The bequest or devise might be in lieu of dower, if so declared by words, or plain implication. But, as the husband could not defeat her dower estate, and had no power over it, she was put to her election, either to retain her estate, or take under the will. The testamentary provision was offered upon the terms that she abandoned her dower; and she must either accept the offer, or retain her dower. She could not enjoy both. If the testamentary gift was not made conditionally, she was entitled to both the gift and dower. This rule is reversed by the 168th art., Code of 1857, p. 468 which construes every devise or bequest to be in lieu of dower, "unless it be otherwise expressed in the will." But that such a devise or bequest may not be conclusive upon the widow the next succeeding article gives her the election either to stand by the will, or renounce its provisions. If she renounces, she must do so in *writing*, filed in the court in which the will was proved, within six months after its authentication or probate; art. 169. The widow is bound by the devise or bequest, as a bar of dower conditionally, that is if she elects to take under the will, and not under the statute. The statute does not confer absolute power on the husband to bar dower by his will, but treats the dower estate as did the common law, as shielded from his control. The statute declares the arbitrary interpre-

tation of a testamentary provision for the wife, to be in lieu of dower, unless she declines to accept it on those terms. Does this statute apply to a foreign will, which omits altogether to dispose of or touch property here? And especially should Mrs. Wilson be bound by it, when the civil law of Louisiana refused her the privilege of an option to take under the will, or renounce and take under the law. What to her may be the result of such a rule? The testator directs his executor to pay all of his debts, which, in effect, devotes the property in Louisiana to that object. This may so exhaust the estate as to leave but a few hundred dollars surplus to pass under the bequest to her; while the real and personal estate in Mississippi may be worth thousands of dollars, from which she would be entirely excluded.

The right of renunciation is further restricted and limited by section 30, p. 337, where the wife has a separate estate.

Where the right to the election does not exist, that provision of the statute, which construes the devise or bequest to be in lieu of dower, ought not to apply. A will which disposes of the whole estate, if the property be in two or more jurisdictions, ought to have uniform effect, as to all the beneficiaries under it. That cannot be done, unless it pertains to the forum of the domicile, the place of original probate, to give to the widow the election, to accept under the rule, or to abandon it, and take under the law. If it were otherwise, the widow might take under the will in one state, and renounce in another. That was what was proposed to be done in Garland, executor, v. Rowan, 2 S. & M., 628.

If she abandons the will, then her rights of property, wherever situated, are determined by the law of the testator's domicile. There can be but one renunciation where the estate is dispersed in several jurisdictions. The widow can not elect in one forum to abide by the will, and abandon it in another. Her election, if made at all, must be in the forum of the original probate, whose law fixes her rights as distributee in all the jurisdictions where property may be

situated. The 110th article of the Code, p. 452, reverses the common law rule of distribution in cases of intestacy, substituting the law of the *rei situs* for that of the domicile. It has no application to testacies, nor does the renunciation of the widow have the effect of creating such intestacy as would confer the benefits of its provisions upon her. "It contemplates a total failure to make a valid will, or a failure to dispose of certain property by. it." Slaughter v. Garland, *supra.* If there be, as in this case, partial intestacy extending to all the property in this State; then such property is dealt with according to article 110. Then the will has no operation here.

We do not understand that the law of Louisiana confers upon the widow the right to renounce the will, and take in lieu thereof a legal share of the husband's estate. There may be renunciation of a succession, whether by testament or operation of law. Civil Code, art. 970. But that is a total abandonment of all right. The renunciation must be by "public act," before a notary, in presence of two witnesses. Civil Code, art. 1010. The civil law gives no countenance to the idea that an "election" may be made of a certain portion of the succession given by law, instead of a testamentary provision.

We must assume that the testator was cognizant of the law of Louisiana. Looking to that law and the will to arrive at the intent, the inference would be fair that he designed to confer upon his wife the entire estate in Louisiana, leaving the residue of his property in this State to descend and be distributed according to our law.

We are of the opinion, on the facts stated in the petition, that Mrs. Wilson has a right to dower in the lands therein mentioned.

Decree reversed, and judgment in this court overruling the demurrer, with leave to defendants to answer in forty days.