MINNIE WARNER METTLER ET AL., APPELLEES, V. ISABELLA
   R. WARNER, APPELLANT; VESPASIAN WARNER ET AL.,
   APPELLEES.

FILED APRIL 3, 1915.   No. 18075.

1. **Wills:** ELECTION.  A widow of one who dies testate in a sister
   state, and who has in the courts of the state of his domicile elected
   to renounce the provisions of his will made for her benefit and
   take her dower in his estate, the election having been held valid,
   is entitled to claim dower in the estate of her deceased husband
   which is situated in this state.

2. ——: ——: LIMITATIONS.  Her election in the courts of the
   state of his domicile is, in effect, the commencement of proceedings
   to recover dower, and an action may be brought by her to assign
   the same in the courts of this state when her right of dower in
   the estate situated here is challenged by the heirs of the testator.

3. **Judgment:** COMITY: ANTENUPTIAL AGREEMENT.  Where the courts
   of the state in which the testator was domiciled at the time of his
   death have disregarded an antenuptial agreement and have as-
   signed dower to the widow, the courts of this state will disregard
   such agreement.

APPEAL from the district court for Lancaster county:
P. JAMES COSGRAVE, JUDGE.  *Reversed.*

*Tibbets, Anderson & Baylor,* for appellant.

*Burkett, Wilson & Brown, contra.*

BARNES, J.

This appeal involves the right of Isabella R. Warner, the
widow of John Warner, who died testate at his home in
Clinton, Illinois, to a dower interest in certain real estate
situated in Lancaster county, Nebraska.  At the time of
the death of John Warner he was the owner of a large
estate, consisting of land and personal property situated
in Dewitt county, Illinois, where he then resided, and
where he had resided during all of his life.  He was also
the owner of real estate in Iowa, Ohio, California and
Nebraska.  The deceased left surviving him two children

by a former wife, his widow, and two children by her. By the terms of his will he devised to his widow the family homestead, situated in the city of Clinton, and $10,000 in money, to be paid to her by the executor of the will. When the will was presented for probate in Dewitt county, Illinois, the widow filed her election to renounce the provisions of the will made in her favor, and claimed the right to take a dower interest in her deceased husband's estate, which amounted at the time of his death to $1,650,000. The circuit court of Dewitt county held that she had made her election within one year after her husband's death and established her right of dower. The executor appealed to the supreme court of Illinois, where the judgment of the circuit court was affirmed. Afterwards the widow established her right to dower in the lands of her deceased husband situated in the states of Iowa and Ohio in the courts of those states. Three years and two months after the death of John Warner his children by his first wife commenced an action to partition that part of his estate situated in Nebraska in the district court for Lancaster county. The widow appeared and filed an answer and cross-bill, claiming her right of dower therein. Thereupon the plaintiffs withdrew their petitions and filed answers to her cross-bill. The cause was tried on issues thus joined, and the district court held that the widow's claim was barred by the provisions of section 18, ch. 23, Comp. St. 1905, and dismissed her action. The widow has appealed, and contends that her election to renounce the provisions of the will and take her dower in the estate of her deceased husband, made in the state of Illinois, and the confirmation by the courts of that state, was a sufficient election and fixed her status as to her husband's estate wherever situated; that her election was seasonably made in point of time; and that the court erred in dismissing her cross-petition.

In *Hawley & King v. James,* 5 Paige Ch. (N. Y.) 318, 446, the court said: "The object of the legislature undoubtedly was to compel the widow to make her election to take her dower, instead of the jointure or other provi-

Mettler v. Warner.

sion made in lieu thereof, within a limited period after the death of the husband, and by some open and notorious act which could not be misunderstood.   *   *   * Neither is it necessary, by the statute, that the widow should make an entry upon or commence proceedings for the recovery or assignment of her dower in every separate and distinct parcel of the lands in which she is entitled to claim dower, in order to constitute a valid election on her part to reject the provision made by her husband in lieu of such dower.  But it will be sufficient, where she has taken no part of such provision made for her in lieu of dower, if she actually commences proceedings within the year, for the recovery or assignment of her dower in any part of the lands as to which the right of election exists, or enters upon any part of such lands, claiming her dower therein." In *Wilson v. Cox*, 49 Miss. 538, the eighth paragraph of the syllabus is: "A will disposing of property, in two or more jurisdictions, ought to have uniform effect as to all the beneficiaries under it. That cannot be done unless it pertains to the forum of the domicile, to give to the widow the election to accept under the will or to abandon it, and take under the law:" It is held in the opinion that no other election is necessary than at the domicile.  There are several other cases that hold the same, and we think these are reasonable rules and a reasonable construction of our statute.  *Washburn v. Van Steenwyk*, 32 Minn. 336, and *Slaughter v. Garland*, 40 Miss. 172, are in point upon this question.  In the last cited case it is said (p. 180) ; "But the right of renunciation is available only in the proper tribunal of the testator's domicile.  It is an incident to the jurisdiction of the tribunal which has the exclusive power to admit the will to probate, and proceeds from the jurisdiction over the matter of probate.  Otherwise there might be a renunciation of the will in a foreign state, while it would be in full force in the state of the domicile; which would be absurd. The tribunal having jurisdiction, both of the probate and of the incident of revocation, is manifestly the proper court of the domicile of the testator."

It seems clear that the provisions of our statutes are not in conflict with the foregoing authorities. The section on which the decision appealed from is based is found in the chapter providing for the distribution of estates of deceased persons domiciled in this state, and was not intended to apply to the estates of persons domiciled in other states. The legislature did not intend to limit the widow, in such cases, to one year in which to assert her rights in this state. We think that, where the widow has renounced the will and has established her right of dower in the courts of her deceased husband's domicile within one year, her election thus made is a sufficient commencement of proceedings to recover dower, and entitles her to maintain an action for that purpose in the real estate of which her husband died seized, whenever the heirs attempt to claim all the estate in the courts of this state.

The trial court found, among other things, that an antenuptial agreement was made between the widow and her husband at the time of their marriage, but the decision was not based on that agreement. It appears that the agreement had been disregarded by the parties to it for more than 30 years of their married life, and the courts of the state of their domicile had disregarded it. As a matter of comity, the courts of this state should take the same view of that agreement. The appellees have cited *Apperson v. Bolton*, 29 Ark. 418, and seem to rely upon that decision. By the statutes of that state the widow, in order to claim dower, is required, first, to make an entry upon the land situated in that state; and, second, to commence proceedings for the recovery of assignment of her dower therein. It was said in the opinion that she would not be permitted to claim against a will and accept its provisions at the same time, and that an acceptance of the provisions of the will in Tennessee, the state of the domicile, would bind her everywhere. The statutes of Arkansas are so different from ours that we think the decision is not in point.

It follows that the judgment of the district court should be reversed and the cause remanded for further proceed-

ings in accordance with the views expressed in this opinion.

JUDGMENT ACCORDINGLY.

LETTON, ROSE and SEDGWICK, JJ., not sitting.