## H. B. McGinnis v. Bob Chambers, *et al.**

## (*Nashville.* December Term, 1927.)

Opinion filed February 4, 1928.

### 1. WILLS. DISSENT BY WIDOW.

A will is a perfect act vesting rights and fixing title as to the widow which may be defeated by her and rendered nugatory so far as she is concerned by dissent signified in open court within twelve months after the probate of the will. This rule applies to foreign as well as domestic wills. (Post, p. 407.)

Citing: Thompson-Shannon's Code, sec. 4146; Walker v. Bobbitt, 114 Tenn. (6 Cates), 700; Battle v. Claiborne, 133 Tenn. (6 Thomp.), 286; Waterbury v. Netherland, 53 Tenn. (6 Heisk.), 512.

### 2. FOREIGN WILL. REGISTRATION. EFFECT.

When a foreign will is recorded in this state as required by statute it passes title to the testator's real estate in this State and cuts off the widow's dower unless she makes her election and enters dissent in the manner required by law. (Post, p. 408.)

Citing: Thompson-Shannon's Code, sec. 3916.

### 3. IMMOVABLE PROPERTY. CONTROL OF LEX LOCI.

All questions of the disposition of immovable property are controlled by laws of the State where the property is situated. (Post, p. 408.)

Citing: Kirkland v. Calhoun, 147 Tenn. (20 Thomp.), 388; Martin v. Stovall, 103 Tenn. (19 Pick.), 1; Carpenter v. Bell, 96 Tenn. (12 Pick.), 294; Williams v. Saunders, 45 Tenn. (5 Cold.), 60.

### 4. WILLS. DISSENT BY WIDOW.

Since the statute provides that the widow shall signify her dissent in open court within one year after the probate of the will, this dissent must be signified in the proper court in this State, and if such dissent is not indicated within the proper time and manner

required by law the widow is conclusively presumed to have elected to take under the will, except in cases of fraud and perhaps other exceptional circumstances, and such statutes generally precluded any consideration of acts in pais indicating an election against the will. (Post, p. 409.)

Citing: Thompson-Shannon's Code, sec. 4146; 40 Cyc., 1984.

5. FOREIGN WILLS.　DISSENT BY WIDOW.　IMMOVABLE PROPERTY.

A dissent entered by a widow· in an Oklahoma court cannot operate as a dissent from a will disposing of real estate in this State and duly recorded here. (Post, p. 409.)

Citing: Apperson v. Bolton, 29 Ark., 418; in re Owsley (Minn.), 142 N. W., 129; 28 R. C. L., 333.

6. WILLS.　DOMICILE OF TESTATOR.　IMMOVABLE PROPERTY.

A will of a married woman living in Kentucky, where she had no power to make such a will, was admitted to probate in this State and passed title to her land here. (Post, p. 409.)

Citing: Carpenter v. Bell, 96 Tenn. (12 Pick.), 294.

7. WILLS.　DISSENT BY WIDOW.　ESTOPPEL.

The rule that one cannot repudiate a will in one state and claim under it in another is an application of the doctrine of estoppel and is a matter of defense which can be waived, but where the widow has failed to enter her dissent in the manner required by the laws of this State within the time allowed she has lost her opportunity so to do. (Post, p. 410.)

---

*Headnotes 1. Wills, 40 Cyc., p. 1963; 2. Conflict of Laws, 12 C. J., section 75; 3. Wills, 40 Cyc., p. 1984; 4. Wills, 40 Cyc., p. 1075.

---

FROM SMITH.

---

Appeal from Chancery Court of Smith County.—Hon. W. R. Officer, Judge.

H. B. McGinnis, for complainant.

WALTER S. FAULKNER, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This bill was filed by the Tennessee Executor of James Chambers for a construction of his will and advice. Chambers died in Oklahoma May 15, 1926, being a citizen and resident of that State at the time of his death. He left a will which was duly probated in Oklahoma June 26, 1926, by which he disposed of his property in Oklahoma and certain land owned by him in Smith County, Tennessee. A duly authenticated copy of this will was filed and recorded in the County Court of Smith County, July 5, 1926, under the provisions of Thompson-Shannon's Code, Section 3916.

Shortly after the will of James Chambers was probated in Oklahoma, it appears that his widow formally entered her dissent thereto by proper proceedings under the laws of that State and in the proper forum of that State. The bill in this case was filed August 29, 1927, more than a year after the will had been recorded in this State. The widow had not at the time the bill was filed signified her dissent in any Court of this State to its provisions.

The question presented is whether, having failed to signify her dissent from her husband's will in the manner prescribed by Tennessee Law in a Tennessee Tribunal within one year after the will was recorded here, the widow is now entitled to claim dower in the lands which her husband owned in Tennessee at the time of his death. The Chancellor decided against the widow and she has appealed from this decree. The case below

was heard on bill and answer and no controversy of fact appears.

*(1)* Section 4146 of Thompson-Shannon's Code, is as follows:

"A widow may dissent from her husband's will:

" '(1) Where a satisfactory provision in real or personal estate is not made for her; in which case she shall signify her dissent in open court within one year after the probate of the will.

" '(2) Where a provision in personal estate is made for her, but the whole of the husband's property, including the bequest, is taken for the payment of his debts; in which case, without any formal dissent, she may sue for her dower.'

"And in both cases she shall be endowed as if her husband had died intestate."

The effect of the Statute quoted has been stated by this Court as follows:

"In looking at the language of the Code, it will be seen that it involves the idea necessarily that the widow is *prima facie* bound by the will of her husband, but that a privilege is conferred on her by which she may avoid its provisions as to herself, and she may dissent from it. She is not required to assent to the will, but the will is binding and conclusive on her as to its dispositions, unless she shall signify her dissent in open court within one year after the probate of the bill. In other words, the will is a perfected act, vesting rights and fixing title as to the widow, which may be defeated and rendered nugatory, so far as she is concerned, by dissent, signified in open court within the twelve months after probate of the will. These principles have been repeatedly held by this court, and such is the plain meaning of the Statute. It is even held, and conclusively settled as the

law, that if the widow fails to dissent within the time allowed by law, it will be presumed conclusively that the provisions are satisfactory to her, and she having thus, by failure to dissent from the will, elected to take under it, cannot be allowed to share in the estate of which her husband died intestate, and can only receive the property given to her by the will." *Waterbury v. Netherland,* 53 Tenn. (6 Heisk.), 512.

The Statute was again considered in *Walker v. Bobbitt,* 114 Tenn., 700, and the same construction given thereto and this construction was again approved in *Battle v. Claiborne,* 133 Tenn., 286. It is true that these earlier cases considered the effect of the failure of a resident widow to enter a statutory dissent from the will of a resident testator. We cannot see, however, that a different result is to be reached in respect to a foreign will.

(2) When a foreign will is recorded in this State under Section 3916, Thompson-Shannon's Code, the Statute provides that said recorded copy "shall have the same force and effect as if the original had been executed in this State and proved and allowed in the courts of this State." Even if it be said that recording the authenticated copy of the foreign will is not a technical probate of that will in this State, nevertheless the Statute declares the same force and effect shall be given the recorded copy. It follows, therefore, that the foreign will so recorded will pass the testator's real property in this State and cut off the widow's dower, unless she makes her election and enters her dissent in the manner required by the laws of this State.

(3) All questions of the disposition of immovable property are controlled by the laws of the State where the property is situated. *Kirkland v. Calhoun,* 147 Tenn., 388; *Martin v. Stovall,* 103 Tenn., 1; *Carpenter v. Bell,* 96

Tenn., 294; *Williams* v. *Saunders,* 45 Tenn. (5 Cold.), 60.

*(4)* As construed by this Court in the cases heretofore cited, Section 4146, Thompson-Shannon's Code, prescribes the exclusive method whereby a widow dissatisfied with her husband's will may make her election to claim against it. That is, she must signify her dissent in open court within one year after the probate of the will, and of course this dissent must be signified in the proper Tennessee court. If such dissent is not indicated within the prescribed time and in the manner required by law, the widow is conclusively presumed to have elected to take under the will. This is so except in cases of fraud and perhaps under some other exceptional circumstances not here appearing. Statutes prescribing the manner in which a widow shall make her election are quite generally construed as precluding any consideration of acts *in pais* indicating an election against the will. 40 Cyc., 1984.

*(5)* The dissent entered by the widow in the Oklahoma court cannot operate as a dissent from the will disposing of real estate in Tennessee and duly recorded in this State. Such a will is effective here unless its operation be stayed in some manner known to our law.

Construing similar Statutes the courts of other States have reached a like conclusion upon this question. *Apperson* v. *Bolton,* 29 Ark., 418; *In re Owsley* (Minn.), 142 N. W., 129, and see 28 R. C. L., 333.

*(6)* Although without effect in the domicile of the testator a will may be effective as to immovable property in Tennessee. Thus the will of a married woman living in Kentucky, where she was without power to make such a will, was admitted to probate in this State and passed title to her Tennessee land. *Carpenter* v. *Bell,* 96 Tenn., 294.

*(7)* While it is quite generally held that one cannot repudiate a will in a particular State and claim under it in another State, and *vice versa,* this is but an application of the doctrine of estoppel. The principle is applicable where the party taking the inconsistent positions is endeavoring to obtain an undue advantage, and is a matter of defense to be urged or waived as adverse parties may desire. In the case before us the widow has taken no inconsistent positions. She has merely failed to enter her dissent to her husband's will in the manner required by the laws of this State and within the time allowed, and has lost her opportunity for this election.

The decree of the Chancellor must be affirmed.