EDITH WALLACE ET AL. v. J. A. CRANK ET AL., Appellants.—26 S. W. (2d) 601.

Division One, April 2, 1930.

*McKay & McKay* for appellants.

*Orville Zimmerman* and *Langdon R. Jones* for respondents.

ATWOOD, P. J.—This is a proceeding to partition real estate submitted on the pleadings and agreed facts. Plaintiffs, who appear here as respondents, alleged in their petition that Sally J. Wallace was the owner of certain real estate; that she predeceased her husband, W. H. Wallace, dying intestate without surviving descendants; that no child was ever born of her union with W. H. Wallace; that W. H. Wallace died intestate on the —— day of May, 1926, the owner of an undivided one-half interest in said real estate; that he left plaintiffs, who were his daughters, as his sole surviving heirs at law; that plaintiffs were entitled to an undivided one-eighth interest each in said real estate; that defendants were the collateral heirs of the said Sally J. Wallace and were entitled to an undivided one-twelfth interest each in said real estate.

Defendants, who appear here as appellants, filed answer admitting all of plaintiffs' above allegations except those describing the interests of the parties, denying each and every other allegation in said petition contained, and further alleging that said W. H. Wallace never made any election to take one-half of the estate left by his deceased wife in his lifetime, as provided by statute. Further, answering defendants alleged that they were the fee simple owners of said land, and alleged facts upon which they prayed the court to try and determine the title to the real estate in question and render judgment in ejectment. Plaintiffs thereupon filed reply, admitting

that W. H. Wallace never made any election of any kind, and also filed motion for judgment on the pleadings.

The case was submitted on the pleadings and agreed facts that Sally J. Wallace died intestate on or about the —— day of May, 1923, seized and possessed in fee simple of said real estate; that she left surviving her as her sole heirs at law, W. H. Wallace, her husband, and her brothers and sisters, J. A. Crank, Jesse Crank, John Crank, Fannie Tolle, Rose Schweinfurth and Dell Stephens, defendants herein; that Sally J. Wallace and W. H. Wallace had no children born alive of their union and that W. H. Wallace never made any election to take one-half of the estate left by his deceased wife Sally J. Wallace in his lifetime as provided by statute; that the plaintiffs herein, to-wit, Miss Edith Wallace, Mrs. Clyde Price, Mrs. Anna Wallace Bollivar, and Mrs. Blon W. Houlihan are the sole surviving children and heirs at law of W. H. Wallace, deceased. Partition was decreed in accordance with the allegations and prayer of plaintiffs' petition, the land ordered sold, and defendants have appealed from the judgment rendered and here ask that the judgment be reversed and the cause remanded with directions to set aside the judgment and decree heretofore entered and enter judgment dismissing plaintiffs' petition.

Section 320, Revised Statutes 1919, is as follows:

"When a wife shall die without any child or other descendants in being capable of inheriting, her widower shall be entitled to one-half of the real and personal estate belonging to the wife at the time of her death, absolutely, subject to the payment of the wife's debts."

If this section had been in full force and effect when Sally J. Wallace died on the —— day of May, 1923, her husband, W. H. Wallace, would then have been seized of an undivided one-half interest in the real estate in question, and on his death in 1926 plaintiffs, as his sole surviving children and heirs at law, would have become the owners of this undivided one-half interest as decreed by the trial court. But in O'Brien v. Sedalia Trust Co., 319 Mo. 1001, 5 S. W. (2d) 74, and Thomas v. McGhee, 320 Mo. 519, 8 S. W. (2d) 71, we ruled that this section was repealed by implication upon the passage of the following act approved March 29, 1921 (Laws 1921, p. 119):

"The estate which a widower may have in the real estate of his deceased wife known as 'tenancy by the curtesy,' is hereby abolished, and in lieu thereof the widower shall have the same share in the real estate of his deceased wife that is provided by law for the widow in the real estate of her deceased husband, with the same rights of election and the same limitations thereto; provided that nothing contained in this act shall be so construed as to defeat any estate by

the curtesy which shall have vested prior to the date of taking effect of this act."

Section 321 (Art. XV, Chap. 1), Revised Statutes 1919, is as follows:

"When the husband shall die without any child or other descendants in being, capable of inheriting, his widow shall be entitled: First, to all the real and personal estate which came to the husband in right of the marriage, and to all the personal property of the husband which came to his possession with the written assent of the wife, remaining undisposed of, absolutely, not subject to the payment of the husband's debts; second, to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of the husband's debts."

Section 323, Revised Statutes 1919, is as follows:

"When the husband shall die without a child or other descendant living, capable of inheriting, the widow shall have her election to take her dower, as provided in section 315, discharged of debts, or the provisions of section 321, as therein provided."

Section 325, Revised Statutes 1919, insofar as the same is here pertinent, is as follows:

"Whenever the widow is entitled to an election under the provisions of this article such election shall be made by declaration, in writing, acknowledged before some officer authorized to take the acknowledgment of deeds, and filed in the office of the clerk of the court in which letters testamentary or of administration shall have been granted within six months after the grant of the same; and such declaration shall also be filed in the recorder's office of the county in which letters testamentary or of administration were granted, within nine months after the grant of same, otherwise she shall be endowed under the provisions of the preceding sections of this article," etc.

The rights of a widow under above Sections 321, 323 and 325 are purely statutory and her election must be made in substantial compliance therewith or she will be endowed only under Section 315, Revised Statutes 1919, for and during her natural life. Price v. Woodford, 43 Mo. 247. Since the passage of the Act of 1921, supra, the rights of a widower are the same, that is, in event of his failure to elect he is vested with a life estate only as provided in Section 315. It is conceded that W. H. Wallace, the widower in the instant case, made no election, and the right to elect being personal and not transmissible by descent (In re Goessling v. Goessling, 287 Mo. 663, 674), it apparently follows that he never had an estate of inheritance in the land, and his children, respondents herein, have no interest whatever therein. Respondents, however, insist that above Section 325 should now be so construed that a widow within the meaning of Section 321 should be endowed according to the provisions there-

of notwithstanding her failure to elect as authorized by Section 323 and in the manner provided by Section 325, or that the same result be reached by holding Section 325 unintelligible and, therefore, void.

In their effort to construe Section 325 counsel for respondents direct our attention to the fact that the last clause in the above quoted portion of this section reads: "otherwise she shall be endowed under the provisions of the preceding sections of this article," etc., while prior to its appearance in the Revised Statutes of 1919 the corresponding clause in corresponding Section 355, Revised Statutes 1909, read: "otherwise she shall be endowed under the provisions of Sections 345, 347 and 348." These three sections all relate to the widow's dower in real estate. They correspond to Sections 315, 317 and 318, Revised Statutes 1919, which when read in connection with all the sections of Article XV of Chapter 1 that precede Section 325 are clearly the only sections by which a widow can have dower in real estate in case she files no election to take under Sections 321, 322 or 324. But, respondents argue that the present clause should not be held merely to relegate the widow to her rights under these same sections, because that was the undisputed meaning of the corresponding clause prior to its repeal, and if no change in meaning was intended there would have been no repeal and subsequent amendment. Insisting that this clause as it now stands renders the entire section unintelligible, counsel for respondents say that the word "last" should be inserted between the words "the" and "preceding" so that the clause may be read as follows: "otherwise she shall be endowed under the provisions of the last preceding sections of this article," etc. Without conceding that there is any justification whatever for such interpolation we may read the clause as respondents suggest and find ourselves worse confused as to its meaning. Sections 315 to 324, both inclusive, are with reference to Section 325 all "preceding sections of this article." How many of these sections are "the last preceding sections of this article?" Again, why should it be said that the widow contemplated by Section 324, the terms of which give her the right to elect to take thereunder, shall be endowed under such statute notwithstanding her failure to elect to be so endowed? The same may be said of the widow contemplated by Section 322, and the widow contemplated by Section 321 to whom is given the right of election by Section 323. All widows are given common law dower in real estate by Section 315 of this article, Sections 317 and 318 specifically extending this right to certain estates. Then why classify widows by other statutes giving the members of the several classes the right to elect and prescribing the manner of making their election to be differently endowed according to the provisions of such statutes, if notwithstanding such widows

make no election they are to be so endowed? We are not favorably impressed with the suggestion that such ambiguous if not contradictory circumlocution might have been induced by a legislative intent to apply the provisions of Section 321 in mitigation of. supposed hardships falling upon widows of deceased husbands whose estates consisted chiefly of personalty when such widows forgot to elect. Section 325, Revised Statutes 1919, unlike Section 355, Revised Statutes 1909, applies "whenever the widow is entitled to an election under the provisions of this article," etc. It, therefore, embraces all elections under this article among which are elections to renounce will and jointure covered by subsequent sections. Inasmuch as these subsequent sections have nothing to do with dower it seems natural that the clause here in question would read as it now appears in Section 325, to-wit: "otherwise she shall be endowed under the provisions of the preceding sections of this article," etc.

The contention that such a reading makes Section 325 unintelligible must also be ruled against respondents. Though awkwardly expressed, we think the clause, read in the light of its context, means that when a widow has a right of election to be specially endowed and fails to exercise it she takes subject to or is bound by the preceding sections, which is but another way of saying if she fails to elect she takes her common law dower under the preceding sections relative thereto.

It follows that the judgment should be and the same is reversed and the cause remanded with directions to dismiss plaintiffs' petition. All concur.