On Rehearing
When, within the time allowed by law, a widow elects to take dower in lieu of the benefits of a will and petitions the court of domiciliary administration for an assignment of dower, is it proper for the Probate Judge to strike from the answer of the executor, allegations to the effect that the widow had previously received benefits under the will?
A situation somewhat similar was presented to this Court in the case of Murphy v. Murphy, 125 Fla. 855, 170 So. 856. In this case the decedent's will was first probated in New York but the will was afterwards probated in Florida, which Florida probation was by the Court determined to be the domiciliary administration. Under the previous New York probate proceedings the widow had received benefits of many thousands of dollars by reason of the specific provisions of the will. After administration proceedings were had in Florida the widow elected to take dower and against the will. Her election to take dower was resisted but was allowed and in reference to the proceeds previously received by her under the will this Court made certain adjudications hereinafter quoted.
The testator, George Louis Griley, died leaving a will disposing of his property, some of which was located in the Canal Zone, other property in the Republic of Panama and some in Florida, the state of his domicile.
On January 15, 1948, Pauline M. Griley, the widow of the testator, filed her petition in the Probate Court of Dade County specifying her election to take dower, wherein she, among other things, stated: "2. That subsequent to the filing of the Last Will and Testament of the decedent in said cause, and on September 6, 1947, being within the time prescribed by the Statutes in such cases made and provided, your Petitioner filed an election to take dower in lieu of the provisions made for Petitioner in the Will, or under the Statutes of descent and distribution, and elected thereby to take her dower interest of one-third part in fee simple of the real estate owned by her said deceased husband at the time of his death, and one-third absolute of the personal property owned by the said decedent at the time of his death; that the purported inventory of the estate of the decedent consists of 167 pages, and your Petitioner likewise claims a dower interest in each and every item of real and personal property listed therein excepting therefrom the homestead real estate of the said decedent described therein, and in which your Petitioner claims a life estate."
To the petition of the widow the executor filed an answer and in Paragraph 2 of his answer stated, among other things, that the widow had previously taken possession of certain property devised her by the will located in the Republic of Panama and also had taken possession of certain property in the Canal Zone as her interest in the community property located in the Canal Zone, and has not offered to return the property of decedent which she has received; that when she received same she gave no notice that she intended to elect to take dower in the domiciliary proceedings and that by reason thereof she is estopped from claiming dower in Florida.
The County Judge granted a motion to strike Paragraph 2 (supra) of the answer filed by the executor to the petition of the widow.
Domiciliary election governs. "The election by a spouse is for or against the will as an entirety, so he or she cannot accept its provisions in one State and renounce it in another; for the same reason a renunciation at the domicil of deceased entitled the surviving spouse to take in another State as in case of intestacy, the realty according to the law of the place where situated, the personalty according to the law of the domicil." Woerner's "The American Law of Administration (Including Wills)", Sec. 119, pp. 397-8.
When a beneficiary makes an election against a will it naturally affects the scheme of distribution set up by the testator and the administration of the estate. *Page 352 
It gives rise to problems of distribution of the portions which the dissenting beneficiary would have received and of contributions by the remaining beneficiaries in order to provide for compensation for disappointments in not receiving the benefits according to the testator's will.
An election to take dower takes effect as of the date of husband's death, Murphy v. Murphy, 125 Fla. 855, 170 So. 856 and makes inoperative provisions of husband's will for widow's benefit, Murphy v. Murphy, supra, and generally "if an election is made in any state, the widow is bound by it in all states." Beale's "Conflict of Laws", Par. 253.1, p. 976.
It is fundamental that the law of the state or country where the property is situated will govern the title thereto but an election to take dower in the state of the domiciliary administration, when inconsistent with benefits provided by the will, will have extraterritorial effect to the extent that the beneficiary under will cannot assert a claim under it to land in another state. See Colvin v. Hutchison, 338 Mo. 576, 92 S.W.2d 667, 105 A.L.R. 266 and annotations. See also 57 Am.Jur., Wills, Par. 1526, p. 1037 and for the effect of election, 57 Am.Jur., Wills, Par. 1543, p. 1051.
The following cases are not on facts such as we have before us by the answer of the executor but they illustrate the principle that equities are involved and that the stricken portion of the answer of the executrix should have been allowed to stand.
One of the clearest statements of the law on this subject is contained in an opinion of Chief Justice Rugg by the Supreme Judicial Court of Massachusetts in a case involving the same question. He said: "If any person shall take any beneficial interest under a will, he shall be held thereby to confirm and ratify every other part of the will, or in other words, a man shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own, even ifotherwise legal and well founded, which shall defeat, or in anyway prevent the full effect and operation of every part of thewill." Noyes v. Noyes, 233 Mass. 55, 123 N.E. 395, 396.
In the same case, quoting Lord Chancellor Cairns in Codrington v. Codrington, he said:
"By the well-settled doctrine which is termed in the Scotch law the doctrine of `approbate' and `reprobate' and in our courts more commonly the doctrine of `election,' where a deed or will professes to make a general disposition of property for the benefit of a person named in it, such person cannot accept a benefit under the instrument without at the same time conforming to all its provisions and renouncing every right inconsistent with them.
"The general rule is that a person cannot accept and reject the same instrument and this is the foundation of the law of election."
Mr. Chief Justice Rugg further said: "The main principle was never disputed, that there is an obligation on him who takes a benefit under a will or other instrument to give full effect to that instrument under which he takes a benefit; and if it be found that that instrument purports to deal with something which it was beyond the power of the donor or settlor to dispose of, but to which effect can be given by the concurrence of him who receives a benefit under the same instrument, the law will impose on him who takes the benefit the obligation of carrying the instrument into full and complete force and effect." Noyes v. Noyes, supra.
Although this Court has not yet determined the specific question involved in this case, the principle has been adhered to in a very able opinion wherein this Court said: "In such cases the law decrees that one may not eat his cake and yet have it. He cannot hold to a devise with one hand and shove it away with the other." Pournelle v. Baxter, 151 Fla. 32, 9 So.2d 162, 164.
In a similar case Mr. Chief Justice Rugg held: "One who takes a beneficial interest under a will is thereby held to confirm and ratify every other part of the will, since one cannot accept benefit of an instrument without conforming to its provisions and renouncing every inconsistent right or claim." Rudd v. Searles,262 Mass. 490, 160 N.E. 882, (1), 58 A.L.R. 1548. *Page 353 
In another case involving election, the Court said: "There are two questions presented by this appeal. One of these relates to the applicability of the doctrine of equitable election to the appellant, as one of the devisees under the will of A. Boyd Cummings, deceased. The testator was a resident of this state. His will was executed in accordance with the statute of Pennsylvania, and, had the house and lot which he devised to Mary Boyd Cummings and Ella Cummings been situated here, it would have passed to them, under his will, beyond all controversy. The appellant was a devisee under the same will; and he seeks, while holding that which was given to him under it, to defeat its operation as to the house and lot in the city of Washington, given to the appellees, because under the laws of Maryland, which still prevail in the District of Columbia on the north side of the Potomac, a devise of real estate must be authenticated by three competent subscribing witnesses, while the will of Mr. Cummings was attested by two only. The orphans' court correctly held that the appellant could not be permitted to affirm the validity of the will in Pennsylvania, and take under it, and at the same time deny its validity in Washington, to prevent other devisees from taking under it, so as to draw to himself, as heir at law, what the testator did not intend he should have, but had distinctly given to others. If he will insist on the unjust advantage which the requirement of three subscribing witnesses under the laws of Maryland gives him, to defeat the will as to the Washington property, he should be required to make compensation to the disappointed devisees." In re Cummings' Estate, 153 Pa. 397, 25 A. 1125, 1126.
The executor contends that the widow is estopped to now elect to take dower by reason of the benefits received under the will before electing to take dower. In the Murphy case it was held that the election to take dower takes effect as of the date of the husband's death and in that case she was by the Court "ordered and directed to account for said proceeds at the time of the assignment of her dower." "* * * the widow upon her election to take dower is entitled to one-half of the gross estate as it existed at the date of the death of the deceased, together with mesne profits on her dower portion of the estate up to the date of the assignment and delivery of her dower to her. It appears from the evidence that prior to the probate of the will in Dade County, Florida, and before the widow had an opportunity to elect against the will in this state, the executors sold certain personal property used on the yacht `Shotgun', owned by the testator at the time of his death, and delivered the proceeds of such sale to the widow. She is, therefore, ordered and directedto account for said proceeds at the time of the assignment of herdower. The Court does not consider or declare that she is estopped to elect against said will by having accepted said proceeds before she had an opportunity to elect in this state." (Italics ours.) Murphy v. Murphy, supra 125 Fla. at page 862, 170 So. at page 860.
"The election of a widow to take dower as against her husband's will makes inoperative the provisions of the will for the widow's benefit * * *." Murphy v. Murphy, supra, 125 Fla. at page 898, 170 So. at page 874.
To have previously received benefits under the will did not in the Murphy case work an absolute estoppel to make an election and neither will it under the facts presented by the answer but under such facts the benefits previously received are facts to be considered and taken into account by the probate judge in setting off and making an allotment of dower.
Since the issues of fact on a petition such as this are not to be determined by a jury, there seems to be no necessity for the formation of issues according to the niceties of pleadings in actions where issues of fact are to be determined by a jury.
In equity, an answer will avail a defendant only so far as in equity it should, and it is error to strike matter relevant and pertinent to the equities, though it would affect equities only to the extent of assessments of costs, the test being not whether the answer states a defense but whether the matter is relevant or material. *Page 354 
In the case at bar the executor was called upon to show cause as he had as to why the widow's petition for allotment of dower should not be granted, and the stricken paragraph is relevant and pertinent to the petition. It may not be a defense, either partial or absolute, but that is not the test. The test under such circumstances is comparable to that of an answer in equity.
The judgment appealed is reversed, with directions that the circuit court enter a judgment reversing the county court in accordance herewith.
Reversed.
ADAMS, C.J., and CHAPMAN, THOMAS and HOBSON, JJ., concur.
TERRELL, J., dissents.