THE STATE ex rel. ROY W. CONANT v. FRANCIS H. TRIMBLE et al., Judges of Kansas City Court of Appeals.

In Banc, December 4, 1925.

1. **CERTIORARI: To Court of Appeals: Motion to Set Aside Judgment: Brought in by Reference.** A motion filed in the circuit court to set aside a judgment of divorce in favor of relator, having been referred to by the Court of Appeals in its opinion upon an appeal from an order sustaining said motion, by said reference becomes a part of the opinion upon *certiorari* to the Court of Appeals to quash its record.

2. **DIVORCE: Motion to Set Aside Decree: Character: Considered as Motion for New Trial.** A motion by defendant to set aside a decree of divorce rendered for plaintiff cannot be considered to be a motion for a new trial, if not filed within four days after the decree was rendered.

3. ————: ————: ————: **Bill in Equity.** An action for a divorce is not a suit in equity, and a motion filed by defendant during the term at which the decree for plaintiff was rendered, asking that the decree be set aside, cannot be considered as a bill of equity, or as an independent suit, to set aside the decree on account of fraud.

4. ————: ————: ————: **Bill of Review.** A motion to set aside a decree of divorce, filed during the term at which it was rendered, is not a statutory bill of review, since the statute (Sec. 1812, R. S. 1919) expressly forbids the entertainment against a divorce decree of the petition for review contemplated by Section 1532.

State ex rel. Conant v. Trimble.

5. ———: ———: Filed During Term Forty-Four Days After Judgment: Decided at Next Term: Conflicting Opinion. A decree of divorce, brought by publication alone, was rendered for plaintiff, and later during the same term, but forty-four days after its rendition, defendant appeared and moved to set the decree aside, on the ground, among others, that the jurisdiction of the court had been fraudulently invoked. The motion was carried over to the next term, and then sustained, and plaintiff appealed on the ground that the court had no jurisdiction to set aside the decree at a subsequent term. The Court of Appeals ruled that the motion was not a motion for a new trial, because untimely filed, but was a motion that defendant had a right to file at any time during the term, after judgment, and that the court's failure to pass upon it at the term at which it was filed carried it over to the next term, and also carried over the power and the right of the court to sustain it at the succeeding term. *Held*, that, as the motion contained matter other than mere procedural errors which must be made matters of exception, the Court of Appeals did not contravene the prior decisions of this court in Childs v. Railroad, 117 Mo. 414, as interpreted in Harkness v. Jarvis, 182 Mo. 231, and the writ of *certiorari* is accordingly quashed, although said cases were wrongly decided.

6. CERTIORARI: To Court of Appeals: No Conflict: Re-examination of Decisions. If a court of appeals follows the last ruling of this court upon the questions involved, this court upon *certiorari* cannot and will not quash its opinion, although upon a re-examination this court may conclude that its own decisions upon which the ruling was based were wrong.

7. JUDGMENT: Motions Affecting: Untimely Filing. All motions known at common law to prevent or suspend judgment on the verdict, or on issues at bar, are practically covered by our statutory motions for a new trial and in arrest of judgment, and the statutes require them to be filed within four days after verdict or judgment, and if not so filed they are not motions at all.

8. ———: Setting Aside at Subsequent Term. In an action for divorce, brought by publication alone, where no motion for a new trial or in arrest of judgment is timely filed, a belated motion to set aside the default decree, filed by the defendant during the term, but more than four days after the decree was rendered, although it charges that plaintiff had committed perjury and had fraudulently invoked the jurisdiction of the court and states facts which if true show those charges to be true, has no status as a motion, but is a mere suggestion to the court; and while the court has jurisdiction to set aside the judgment during the term, with or

311 Mo. App.—9.

State ex rel. Conant v. Trimble.

without such motion, such motion will not carry the case over to the next term, as will a timely filed motion for a new trial or in arrest, but at the expiration of the term the decree becomes final and the court thereafter has no jurisdiction to set it aside. [Overruling Childs v. Railroad Co., 117 Mo. 414; Harkness v. Jarvis, 182 Mo. 231, and Head v. Randolph, 83 Mo. App. 284.]

Corpus Juris-Cyc. References: Courts, 15 C. J., Section 518, p. 1092, n. 63; p. 1093, n. 68, 68 New. Divorce, 19 C. J., Section 415, p. 166, n. 28; Section 428, p. 172, n. 7, 8 New; Section 460, p. 186, n. 22. Judgments, 34 C. J., Section 172, p. 42, n. 33. New Trial, 29 Cyc., p. 958, n. 64.

## *Certiorari.*

WRIT QUASHED.

*Erasmus C. Hall* for relator.

(1) The motion filed by the defendant amounted to nothing more than a suggestion to the court, and was not a motion which defendant had a right to file. Sec. 1812, R. S. 1919; Cross v. Gould, 131 Mo. App. 586. (2) Being only a suggestion to the court, it called into action the inherent power of the court, to be exercised during the term only. Marsala v. Marsala, 288 Mo. 501; 15 C. J. p. 826; Bank v. Porter, 148 Mo. 184. (3) Defendant's motion to set aside the decree serves the office of a motion for a new trial and was treated as such by the trial court when it set the decree aside and ordered a new trial, without saying on what ground the decree was set aside. The motion itself clearly shows that defendant prays for a new trial. The statute is made to protect third parties not connected with the record of the divorce case. And in our opinion covers every divorce decree where the court had jurisdiction of the parties and of the subject-matter. Hansford v. Hansford, 34 Mo. App. 269. The opinion of the Court of Appeals (page 8) undertakes to restrict the decision in the Marsala case, supra, to the facts of that case and to have no general application. We cannot understand why. The facts in the Marsala case are very similar to the

State ex rel. Conant v. Trimble.

facts in the case at bar, in reference to the time the motions were filed and the purpose for which they were filed, with the advantage in favor of this case because it is a divorce case.  (4)   The decision of the Court of Appeals is in conflict with the cases of:  Marsala v. Marsala, 288 Mo. 501; Bank v. Porter, 148 Mo. 133; Fears v. Riley, 148 Mo. 58; Rottman v. Schmucker, 94 Mo. 139; Jeude v. Sims, 166 S. W. 1053.  (5)   The motion filed by the defendant, being after the four days, amounted to nothing more than a suggestion.  It was not a motion authorized by law.  R. S. 1919, sec. 1812; Cross v. Gould, 131 Mo. App. 585.  (6)   The defendant in a divorce case has no right to file a motion after the four days have expired.  Elliott v. Elliott, 135 Mo. App. 42; Cole v. Cole, 89 Mo. App. 228.  (7)   The divorce laws are special statutes, made in the interest of the public in that case only.  This statute is made to protect third parties not connected with the record who become interested in a decree by a subsequent marriage with a divorcee.  Hansford v. Hansford, 34 Mo. App. 269.

*Walter W. Calvin* and *Harris Robinson* for respondents.

(1)   "It is a well-settled rule of practice, long recognized in this state, that, where a judgment is rendered against a party in consequence of an error of fact which does not appear on the record, the person against whom the same has been rendered may have it vacated by a motion or a petition in the nature of a writ of error *coram nobis.*"   Ex parte Toney, 11 Mo. 661; Powell v. Gott, 13 Mo. 458; Ex parte Page, 49 Mo. 294; Groner v. Smith, 49 Mo. 324; Latshaw v. McNees, 50 Mo. 384; Craig v. Smith, 65 Mo. 536; State ex rel. Hudson v. Heinrich, 14 Mo. App. 146; State ex rel. v. Horine, 63 Mo. App. 1; Downing v. Still, 43 Mo. 319; Spalding v. Meier, 40 Mo. 176; Fisher v. Fisher, 114 Mo. App. 627; Estes v. Nell, 163 Mo. 387; Mayberry v. McClung, 51 Mo. 256; Fears v. Riley, 148 Mo. 49; Payne v. O'Shea, 84 Mo. 129;

Hamilton v. McLean, 139 Mo. 678; Murphy v. DeFrance, 105 Mo. 53; Lewis v. Williams, 54 Mo. 200; Ward v. Quinlivin, 57 Mo. 425; Oxley Stave Co. v. Butler County, 121 Mo. 614; Jones v. Brinker, 20 Mo. 87; Moody v. Peyton, 135 Mo. 482; Nichols v. Stevens, 123 Mo. 96; Bates v. Hamilton, 144 Mo. 1; Lee v. Harmon, 84 Mo. App. 157; Miles v. Jones, 28 Mo. 87; State ex rel. v. Riley, 219 Mo. 667; Dorrance v. Dorrance, 242 Mo. 625. (2) Courts of equity have an inherent power to set aside judgments obtained by fraud, and that power is not taken away by the statute providing for a review. Dorrance v. Dorrance, 242 Mo. 656. (3) A false affidavit of non-residence is sufficient fraud to invoke a motion in the nature of writ *coram nobis*. Cross v. Gould, 131 Mo. App. 585; State ex rel. Hudson v. Heinrich, 14 Mo. App. 146; State ex rel. v. Horine, 63 Mo. App. 1.

GRAVES, C. J.—*Certiorari* to the Kansas City Court of Appeals, to review the opinion of that court in case of Roy W. Conant, Appellant, v. Emma Dodd Conant, Respondent, on the ground that the opinion and decision of said Court of Appeals conflicts with named cases decided by this court.

Roy W. Conant sued his wife, Emma Dodd Conant, for divorce, in the Circuit Court of Jackson County, and the only way the defendant was brought into court was by publication. It would be better to let the opinion of the Court of Appeals bespeak the facts. In the opinion before us that court says:

"The plaintiff in a suit for divorce, judgment for which was rendered in his favor at the December term, December 20, 1922, appeals from an order setting aside the judgment on defendant's motion filed at the same term, but forty-four days after the divorce judgment was rendered.

"Said motion to set aside was by the court continued to the March term, and set for hearing on March 17, 1923, at which it was, by leave of court, amended by interlineation, so as to insert therein the charge that

plaintiff was not, either at the time of filing his petition or at the trial, a bona-fide resident of the State one whole year next prior thereto. The court, at said March term, heard defendant's evidence in support of her said motion, and continued said cause for further hearing to a later date in said March term. The ab-, stract does not affirmatively so state, but it is conceded, that at this later date in the March term the court continued the cause for further hearing to the June term, June 16, 1923, on which date the court, after hearing further evidence, sustained said motion, and set aside the decree rendered at the December term and reinstated the cause on the docket.

"Plaintiff at all times duly objected to any hearing of the motion upon the ground that the court had no jurisdiction, after the expiration of the December term, at which the judgment was rendered, to entertain said motion or to set aside the judgment, the said motion, although filed at the December term, not having been filed within four days after the rendition of the judgment. The plaintiff offered no evidence in opposition to said motion, and, when the same was sustained, promptly filed a motion for new trial on said motion, and, when this was likewise overruled, took the usual steps to perfect his appeal, which the court allowed.

"The petition for divorce was filed October 14, 1922, and alleged desertion occurring on October 5, 1921, as the ground thereof. Defendant was summoned by publication as a non-resident, but, not having any actual knowledge of the suit, did not appear, answer, or make any defense, but, so the judgment recites, made default.

"Defendant raises no question as to plaintiff's right to appeal, but she has filed a motion to dismiss the appeal, based solely on the ground that appellant did not bring up the evidence introduced in support of the motion to set aside the judgment, but has merely contented himself with a recitation in the record that

'the defendant (respondent herein) offered testimony and evidence tending to prove all the allegations of her motion.'

"So far as concerns plaintiff's attack upon the *power* of the court to entertain and act upon the motion at the subsequent term, it would not be necessary to bring up the evidence in support of said motion unless, perhaps, to show that the court sustained the motion on matters relating to errors committed in the course of the divorce hearing, which would require a motion for new trial, filed within four days, as will be more particularly hereinafter dealt with and set forth. But, as the motion to set aside is based on grounds other than those which can only be included in a motion for a new trial, and as the action of the court is presumed to be right, we do not see wherein the respondent could be injured by a failure to bring up the evidence, or be entitled to have the appeal dismissed upon that ground. Respondent's motion to dismiss the appeal on the ground specified is, therefore, overruled.

"In its nature, the divorce judgment, considered wholly by itself, and, in the absence of any voluntary action against it on the part of the court, or motion filed against it at the judgment term, was a final judgment—that is—to state it a little more accurately, it was a judgment that, upon the expiration of the term, the court itself acted upon *sua sponte,* or it was attacked by a motion to which the law gives the power to suspend its finality and carry the judgment over to another term and until the motion is disposed of. It is clear that, in the absence of anything of the kind or of anything done by the court on its own initiative during the term, the *power* of the court over the judgment, or to change it in any way by an order in that case, ceases with the expiration of the term. [Lovitt v. Russell, 138 Mo. 474, 483; Hall v. Lane, 123 Mo. 633, 636.] But by virtue of Section 1456, Revised Statutes 1919, motions for new trial and in arrest, if filed within four days after judgment and at the same term the judgment was rendered,

may attack it and suspend the finality of the judgment, carrying it over to a subsequent term and until they are disposed of. The question presented then is, inasmuch as the statute gives this power to motions filed within four days during the term, can such effect be accorded to *other* motions filed at the same term, but not within the statutory four days?''

The motion to set aside Conant's decree of divorce is referred to in the opinion, and by such reference becomes a part of the opinion. It reads:

''That by the record filed in said Court of Appeals it is shown that the appellant, by his petition filed in the Circuit Court of Jackson County, Missouri, at Independence, Missouri, Hon. Willard P. Hall, Judge, on the 14th day of October, 1922, duly and in the usual form prayed the court for a decree of divorce against said defendant on the grounds therein set forth, that the defendant, wholly disregarding her duties and obligations as the wife of the plaintiff, absented herself from plaintiff, his bed and board, without a reasonable cause for the space of one whole year and more.

''That said record further showed that defendant was duly and properly notified to appear and answer the petition, by an order of publication duly published and proved; that on December 20, 1922, the 15th day of the December term of said court, a final decree of divorce was by the court granted to the plaintiff; that afterwards on the first day of March, 1923, the defendant filed in said court a motion to set aside judgment awarding decree of divorce to plaintiff as follows (omitting caption and signature):

'' 'Now comes the above-named defendant and moves the court to set aside the judgment, by default, rendered and entered in the above-entitled cause, at the regular December term, 1922, of this court awarding a decree of divorce to the above-named plaintiff:

'' '1. Because this action was not instituted or prosecuted in good faith, in that the plaintiff, well knowing her exact whereabouts, at the time of the in-

stitution of this action, fraudulently failed to, and did not, have her served with process herein, except by the publication of the order of publication, obtained herein, of which she had no knowledge; and because she was not otherwise advised of the institution and pendency thereof until after judgment had been rendered and entered therein awarding a decree of divorce to the plaintiff.

" '2. Because the plaintiff misled her, in that, following their separation, which was on October 18, 1921, until August 22, 1922, he was continuously corresponding with her and, during all said time, was protesting his extreme loyalty, love and affection for her, with never a hint he desired her to return to him, or that he was in anywise displeased with her actions or that he contemplated instituting an action against her to procure a divorce.

" '3. Because the plaintiff refused to permit her to longer live with him after October 18, 1921, and urged and compelled her to leave him on that date, assigning as his only reason therefor that he was financially unable to longer maintain and provide a home for her.

" '4. Because the plaintiff is not the innocent and injured party, and was not, and he is not entitled to a decree of divorce from her.

" '5. Because she has a just and meritorious defense to this action; and is herself the innocent and injured party.

" '6. Because the plaintiff committed a gross fraud upon her, as well as a gross fraud upon the court, in obtaining said decree of divorce in that he wilfully, knowingly and falsely alleged in his petition and wilfully, knowingly and falsely testified upon the hearing of this court (a) that he had not lived with her, from the date of their marriage, October 17, 1917, until October 5, 1921, the date he alleged in his petition as being the date of their final separation, to exceed one year, whereas in truth and in fact, he had, as he then and there well knew, lived with her continuously from

the date of their marriage, October 17, 1917, until the date of their final separation October 18, 1921; (b) that she had left him·on approximately, October 1, 1921, and that he had not seen her since, whereas in truth and in fact he then and there well knew he had lived with her as his wife until October 18, 1921; and (c) that she had absented herself from him, his bed and board, for the space of one year next before the institution of this action, whereas, in truth and in fact, as he then and there well knew, he had lived with her as her husband until October 18, 1921, and within one year next before the institution of this action.

"'7. Because the testimony given upon the hearing of the cause was, and is, wholly insufficient to warrant the court in granting the relief prayed for in the petition herein, is wholly insufficient upon which to predicate the finding and decree of the court, and constitutes a total failure of proof under the petition herein. Wherefore the premises considered, the defendant asks that the judgment and decree rendered and entered herein be set aside and for naught held.' "

This motion, later, but before its disposition, was amended by adding the following by way of interlineation:

"2. That plaintiff was not at the time of filing his petition or at the time of the trial of this cause a bonafide resident of the State of Missouri for the space of one whole year next prior thereto."

Relator's motion to set aside the order setting aside his decree is as follows:

"Now at this day comes the plaintiff in the above-entitled cause, and moves the court to set aside the order of this court made on the 16th day of June, setting aside the final decree of divorce granted to plaintiff by this court at its December term, 1922, for the following reasons, to-wit:

"First: Because the motion on which said order was based was not a motion for a new trial and was not filed within four days of the entry of said final decree

for divorce and could be nothing more than a suggestion to the court to grant a new trial.

"Second: Because the court, after the end of the said December term, had no jurisdiction or authority to set aside said final decree of divorce.

"Third: Because the court had no grounds upon which to exercise a reasonable discretion to set aside said final decree of divorce, there being no order in the proceedings and trial resulting in said final decree of divorce, even if said entry had been made during the term at which said final decree of divorce was entered."

The trial court set aside the decree of divorce granted to relator here (plaintiff below) and re-instated the cause for trial. It overruled the motion to set aside the order setting aside the decree of divorce.

The Kansas City Court of Appeals affirmed the action of the circuit court, and hence this proceeding here.

I.   The real issue in this case can best be reached by a process of elimination. First, the motion filed cannot be considered as a motion for a new trial, because it was not filed in time.

Secondly, it is not a suit in equity, and does not purport to be such a suit. There is no question as to the right of a court of equity to set aside judgments procured by fraud. We need not discuss the limitations as to the character of the fraud which would justify a decree setting aside a judgment. This, because we have no such case before us, as we had in Dorrance v. Dorrance, 242 Mo. 625. In that case, we were dealing with an independent action to set aside a decree of divorce. It was instituted by a bill in equity brought by the defendant in the divorce suit, as against the plaintiff in the divorce suit. The trial court sustained a demurrer to this bill in equity, and this court overruled its action, but did so on the ground that it was an independent action in equity, which invoked the ancient rules of equity. We expressly ruled that it was not the statutory bill of review. It, however, suffices to say in this case, that neither the trial

court, nor the Court of Appeals, was passing upon an action in equity, such as we had in the Dorrance case, supra.

Thirdly, it is not a petition for review. The Court of Appeals has aptly said in its opinion: "It is, of course, true that a petition for review contemplated in Section 1532, Revised Statutes 1919, cannot be entertained against a divorce decree, because Section 1812, Revised Statutes 1919 explicitly forbids it."

With these eliminations, the task is left for us to determine the name to be given this motion filed in the original divorce suit, and its characteristics and its effect. And this before we reach the vital question of conflict of opinions.

II.   The Court of Appeals' opinion proceeds upon the theory that the motion to set aside the judgment was something more than a motion for a new trial. It was not filed within four days, and could not be considered as a motion for new trial, because out of time. This is true, whether it contained proper matter for new trial or not. The Court of Appeals ruled that it was a motion which the defendant had the right to file at any time during the term, after judgment, and that the court's failure to pass upon it at that term carried it over to the next term, and also carried over the power and the right of the court to pass upon it at the succeeding term. There are cases which so hold. [Harkness v. Jarvis, 182 Mo. 231; Childs v. Kansas City, St. Joseph & Council Bluffs Railroad Company, 117 Mo. 414; Dower v. Conrad, 232 S. W. 174 (St. Louis Court of Appeals).]

The opinion is predicated upon the Harkness and Childs cases, supra, and if those cases are the last controlling cases from this court, our writ should be quashed, and the opinion and judgment of the Court of Appeals sustained. The Harkness case is apparently bottomed on the Childs case.

In the Childs case, the opinion of BARCLAY, J., is opposed to the opinion of the Court of Appeals in this

case. The Harkness case supports the opinion. But of these cases, more in detail later.

Relator, however, urges that the case of Marsala v. Marsala, 288 Mo. 501, is the latest expression of this court, and that the ruling in that case is opposed to the opinion of the Court of Appeals. The opinion deals with the Marsala case fully, and attempts to dispose of it on the theory that it was dealing with a motion, the subject-matter of which made it a pure motion for new trial and nothing more. The opinion, in a way, concedes the correctness of the Marsala case, when considered with the facts of the case. It is true that the subject-matter of the motion in the Marsala case was purely matter for a motion for new trial. But the real trouble comes in the Childs case, and the case following it. The views of BARCLAY, J., in that case, accord with the views of the Marsala case. Treated solely as a motion for new trial, the views of BLACK, P. J. (concurred in by BRACE and MACFARLANE, JJ.), also accord with the Marsala case. [Childs v. Ry. Co., 117 Mo. l. c. 426.] But Judge BLACK goes further, and says that the motion in that case challenged the sufficiency of the petition to state a cause of action at all, and thereby went to the very vitals of the judgment. He ruled that a motion, having such a ground, filed at the same term, but not within four days, was sufficient to authorize the court to set aside the judgment at a subsequent term, by sustaining such motion. Judge BLACK draws a distinction between untimely motions. If such untimely motion simply covers purely matters for a new trial, and is, in effect, but a motion for a new trial, it would appear that he holds that such an untimely motion would not carry over the right of the court to set aside the judgment at a subsequent term, by sustaining such untimely motion. He ruled, as stated, supra, that because the untimely motion in the Childs case contained matter other than mere procedural errors which must be made matters of exceptions, such motion carried over to another term the right to sustain the same and set aside the judgment. It was be-

State ex rel. Conant v. Trimble.

cause of the peculiar matter contained in the untimely motion in the Childs case, that the ruling was made that it sufficed to carry over the term the right to sustain the motion and set aside the judgment. The motion in the instant case contained matter not usual in a mere motion for new trial. It suggested, among other things, that the very jurisdiction of the court had been fraudulently invoked. So that it can be well said that the Marsala case does not deal with the question dealt with by BLACK, P. J., in the Childs case, and upon the exact question ruled in the childs case (whether rightfully or wrongfully ruled), it remains the controlling ruling of this court. We think the Harkness case, supra, while it approves the ruling of the Childs case, adds nothing to Judge BLACK's views. It must not be forgotten that the real ruling of Judge BLACK was to the effect, that if the motion contained matter which was outside of the errors and exceptions during the course of the trial, then it was not a motion for new trial, and not subject to the rules of law as to the untimely filing of such motion. So, on the strength of the Childs case, approved, and applied in the Harkness case, we must quash our writ, and permit the judgment and opinion of the Court of Appeals to stand, and it is so ordered. However, we feel that we should further discuss our own cases, and this we shall do, infra.

III. If a Court of Appeals follows our last ruling upon the questions involved, we cannot, and will not, quash its opinion, although upon re-examination we conclude that our own opinion is wrong. Such court has fulfilled the constitutional mandate when it follows our last ruling upon the question in hand. In the ruling, supra, we have sustained the action of the Court of Appeals on the ground that they were following our cases, i. e. Childs v. Ry. Co., 117 Mo. 414, and Harkness v. Jarvis, 182 Mo. 231. And this, for the reason that such cases recognized that the filing of motions, other than motions for new trial, would carry over the terms the right

and power of the court to set aside its judgment at a subsequent term. The soundness of these cases can be ruled now, for the benefit of future procedure, although our ruling now cannot effect the instant case, as stated, supra.

We, after a thorough study of the whole field, are convinced that both the Childs case and the Harkness case, are wrong. To demonstrate this requires both a study of the common law, and the Civil Code of our State. This, because of the adoption of the common law in Missouri. After verdict, at common law, there were but five known methods of suspending or preventing judgment on the verdict, or on the issues at bar. These five recognized motions, after verdict, are, (1) motion for new trial, (2) motion to arrest judgment, (3) motion for judgment *non obstante verdicto,* (4) motion to award a repleader, and (5) motion to award a *venire facias de novo.* [Andrews Stephen's Pleading (2 Ed.) sec. 127, p. 227 et seq.: 2 Tidd's Practice, p. 902 et seq.; 3 Blackstone (Lewis's Ed.) p. 1346 (star page 387) et seq.; Will's Gould on Pleading (6 Ed.) pp. 109, 110, 111, 151, 165, 171 and 178.]

All these several motions had a time limit for filing. They reached judgments by default, as well as other judgments. In fact the time limit of four days for our statutory motions for new trial and in arrest of judgment finds precedent in some of the English rules of procedure. [2 Tidd's Practice (American notes) p. 902, star page 903.]

An examination of these common-law motions will indicate that they are all practically covered by our statutory motions for new trial and in arrest of judgment. Our statutes (R. S. 1919, sec. 1453-1456 and 1457) covering motions for new trial and in arrest of judgment do not specifically state what is covered by a motion in arrest of judgment, but as to motions for new trial (R. S. 1919, sec. 1453) the grounds are covered, and among them are, "or a fraud or deceit practiced by one party on the other, or the court is satisfied that perjury or mistake has been committed by a witness."

Our statute is perhaps broader than the common law. Compare the statute with Will's Gould on Pleading, p. 109, supra. The fact that our statute recognizes motions in arrest of judgment, without defining such a motion, leaves us to go to the common law for the character of such a motion. At common law, such a motion went purely to matters on the face of the record. Thus in Will's Gould on Pleading, p. 152, it is said: "The question, raised by a motion in arrest of judgment, is a question of law, arising from the face of the record; judgments being arrested, only for intrinsic causes, i. e., such only as are apparent on the record." See also, Andrews Stephen's Pleading (2 Ed.) p. 230; Tidd's Practice, p. 917, star page 918.

Our court has taken the same view. Thus in McGannon v. Millers National Ins. Co., 171 Mo. l. c. 154, VALLIANT, J., said: "A motion in arrest of judgment reaches only a defect in the record proper. Such defect must appear on the face of the record; if it does not so appear, evidence of a fact *dehors* the record cannot support the motion."

Going now to the Childs case, supra, the opinion in that case does not show personal service, but it is shown that the defendant appeared, and filed answer to the amended petition. Such defendant failed to appear at the trial, and judgment went against it. No timely motions for new trial and in arrest of judgment were filed, but long after the expiration of four days, but at the same term, the defendant did file a motion to set aside the judgment, one ground of which was that the petition absolutely failed to state a cause of action. This is the sole question discussed by Judge BLACK in the Childs case, and he determined that adversely to defendant, and sustained the judgment, by affirming the court *nisi*. But, he further held that the pendency of this untimely motion carried the case over to the next term, and therefore an appeal could be taken at such following term upon and from the adverse ruling on that untimely motion. The failure of a petition to state a cause of action was,

at common law, peculiarly a subject-matter for a motion in arrest of judgment. So, that the portion of the motion relating to the status of the petition constituted, no more and no less, than a belated motion in arrest of judgment. Being filed out of time, it amounted to no more than a suggestion to the court, that it should set aside the judgment of its own motion, during the judgment term. We have always so ruled as to belated motions for new trial. [Ewart v. Peniston, 233 Mo. 695; Marsala v. Marsala, 288 Mo. 501.] Under our statute, which requires both motions (for new trial and in arrest of judgment) to be filed within four days, the untimely filing of either amounts to nothing more than a suggestion to the court, which could have been orally made, as well as by writing.

It is needless for us to cite that long line of cases, to the effect that an untimely motion for new trial leaves nothing for this court to determine but the record proper. But these untimely motions (being only suggestions to the trial court) cannot, and do not, carry the case over to the next term. Upon the failure of a party to file timely motions, the only thing left is the right of the court, at the judgment term, to set aside the judgment. If the court fails to set it aside at the judgment term, the judgment become a finality, and an appeal can be taken at that term and not later. This, because such belated motions have no legal status, and have no legal effect upon the judgment. At the very most they are but mere suggestions to that court that the judgment should be set aside, within the judgment term, when the court has the judgment within its breast. A failure to act upon such suggestions, does not keep the judgment from becoming a finality at the end of the term, and it continues to be such for all time. These belated motions are but mere scraps of paper, without legal status, or legal effect. The rights of the court of its own motion, or upon the mere suggestion of a party, to set aside a judgment, expires with the close of the judgment term. Timely motions, which have a legal status, may serve to carry a

case over the judgment term, and thus authorize an appeal at a later term. We hesitated to overrule an opinion of so distinguished a jurist as was the writer of the opinion in the Childs case, supra, but our investigations (and they have been thorough and painstaking) leave no doubt in our mind that the Childs case is wrong, and should be overruled.

We also have the same hesitation about overruling the opinion in the Harkness case, supra, for the same reason. The writer of that opinion was no less distinguished than the writer of the opinion in the Childs case. He elaborates somewhat on the Childs case, but it has the same fatal defect, in our humble judgment. The belated motion in the Harkness case reads:

"Comes now the defendant, Frank Jarvis, and moves the court to set aside the judgment rendered herein and to grant the defendant a new trial of said case for the following reasons:

"1. Said judgment was rendered by default, no answer having been filed or defense having been made in said cause by reason of a misunderstanding and mistake of fact on the part of said defendant with his attorney.

"2. Defendant has a just, meritorious and subsisting defense to said cause of action, and if given a trial of said cause he would prove that he was not indebted to said plaintiffs on account of the promissory note therein sued on."

In this case, the defendant was personally served, as stated in the opinion, but failed to file an answer. Section 1453, Revised Statutes 1919, as one of the grounds for a motion for new trial says among other things: "In every case where there has been a *mistake* or surprise of a party, his agent or attorney," so that it might be well contended that the motion, supra, is but a motion for new trial, although it is otherwise treated in the opinion. This makes no difference, as we have ruled, supra, as to the Childs case. This opinion in the Harkness case, expressly overrules the case of Head v. Randolph, 83

Mo. App. 284. However, in Ewart v. Peniston, 233 Mo. l. c. 709, we expressly approved some views of the case of Head v. Randolph, supra. The Head case involved a belated motion for new trial. The majority opinion in that case states the law as to the effect of belated motions for new trial, except that portion of the opinion which says that a belated motion for new trial, if taken up at the judgment term, and continued over to the next term for consideration of the motion, would suffice to give the court power to act at the subsequent term. On this portion of the opinion, and which was not approved in the Ewart case, supra, because not involved therein, there are no authorities cited. In fact the latter portion of the majority opinion conflicts with the first part, which first part was quoted with approval in Ewart's case. As to the point ruled in the latter portion of the opinion, the dissenting opinion in the Head case differs in a way.

It is well enough to overrule the case, because of the latter portion of the opinion, but not for the reasons stated in the Harkness case. The final portion of the Head opinion concludes with this correct statement of the law, viz.: "To carry a cause over from one term to a succeeding one, on a motion for new trial, the motion must have been filed within the statutory period allowed for filing the same, to-wit, within four days from the rendition of the judgment." The last portion of the opinion, which follows what we have just quoted, in effect says that had the untimely motion been taken up and heard, and taken under advisement until the succeeding term, the jurisdiction of the court over its judgment would pass over the term. This is error, as we have suggested, supra. A belated motion is no motion at all. It has no legal status, and can only serve as a suggestion to the court to set aside the judgment at the judgment term, and not at a term at which the judgment has passed from the breast of the court, and has become a finality. The discretion of the trial court must be exercised at the judgment term. We conclude that the Harkness case,

like the Childs, should be overruled and no longer followed.

Our writ, however, should be quashed, for the ˥ son assigned in other paragraphs of this opinion. L˩ the order be that our writ be quashed. All concur; *Walker, J.,* in result and all of the opinion except Paragraph III.