LEE'S SUMMIT BUILDING & LOAN ASSOCIATION, a Corporation, v. GERALDINE CROSS, a Minor, by her Guardian and Curator, L. S. WORRELL, Appellant.—134 S. W. (2d) 19.

Division One, December 13, 1939.

502

*J. B. McFarland* and *Walter A. Raymond* for appellant.

*M. J. Henderson, Thos. E. Deacy* and *Ben W. Swofford* for respondent.

504

HYDE, C.—This is an action (in two counts) to determine title to and for partition of forty acres of land in Jackson County. Appellant claimed the whole title under her mother's will but the court found that plaintiff owned a one-half interest and ordered partition. This appeal is from the final judgment confirming the report of commissioners dividing the land.

Plaintiff contends that there is nothing here for review except the record proper because appellant did not file a motion for a new trial within four days after the rendition of the final judgment. The first hearing of evidence in this case was during the November, 1936, term. The interlocutory judgment in partition (finding plaintiff and appellant each entitled to an undivided one-half interest in the land and the other defendants who did not appeal entitled to nothing) was entered January 13, 1937, at the January, 1937, term. Commissioners were appointed to make partition as ordered.

Appellant filed a motion to set aside this interlocutory judgment on March 25, 1937, at the March, 1937, term, alleging that appellant's, first knowledge of the rendition of the interlocutory judgment was obtained during the March, 1937, term. One of the grounds stated in this motion was the following:

"Fifth, that defendant has a good and meritorious defense to plain-

tiff's cause of action in that she was the daughter of Anna M. Cross, who died testate in Los Angeles County, California, in June, 1926 and who left a will, a copy of the will aforementioned marked Exhibit 'A,' attached hereto and made a part hereof, devising to her father, Fred C. Cross, certain properties and holdings in Los Angeles County, California, and devised to this defendant the property in question and set out in plaintiff's petition (describing this 40 acres) the fee title of which was vested in her said mother at the time of her death; that her father, Fred C. Cross, caused said will to be probated and proven in Los Angeles County, California, and accepted the terms thereof and took under the said will in Los Angeles, California, where same was probated, a copy of said proceedings marked Exhibit 'B,' filed herewith and made a part hereof; that thereafter and about the 28th day of November, 1927, without this defendant's knowledge, defendant Fred C. Cross, her father, whose interest was adverse to this defendant's had said estate probated in Jackson County, Missouri, and wrongfully and unlawfully attempted to renounce the will of said Anna M. Cross, deceased, and elected to take a child's part, of which fact this defendant was never advised; and that by virtue of the laws of the State of Missouri said defendant, Fred C. Cross, could not accept the benefits and take under the will of Anna M. Cross, deceased, in another state, or in California, and come to Missouri and renounce same and take a child's part to defeat the rights of this minor defendant in the inheritance in and to said property as provided by said will; and that in law and good conscience the fee title to said property in question . . . is and should be vested in this defendant.''

Evidence was heard on this motion at the March, 1937, term, on March 27th, and this motion was then overruled; and on March 20th, during the March, 1937, term, the report of commissioners was filed, setting off to appellant two acres (upon which certain improvements were located) and to plaintiff thirty-eight acres. On March 31st, during the March, 1937, term, appellant filed a motion entitled ''motion for new trial on motion to vacate and set aside judgment.'' The fifth ground of this motion was substantially the same as the fifth ground stated in the original motion to set aside the interlocutory judgment in partition. Also on March 31st, appellant filed a motion in arrest of judgment. Afterwards, on April 15th, during the March, 1937, term, appellant filed a motion to strike the commissioners' report, containing also the ground stated in the motion for new trial. On April 17th, during the March, 1937, term, the court overruled all three motions and entered its order approving the commissioners' report of partition. This appeal was taken before the end of the March, 1937, term.

After appellant's three above-mentioned motions were overruled and before the order approving the report was entered, appellant

also on the same day filed a pleading entitled "Objections and Exceptions to the Report of the Partition Commissioners." It was overruled and it may be eliminated from consideration because it was based only on unfairness of the division and was supported by affidavits, and raised no question on the merits of the issue of rights in the property. [See Tucker v. Burford (Mo. App.), 95 S. W. (2d) 866, ruling a similar motion concerning inadequate price at partition sale.]

Plaintiff says that the final judgment was the order approving the commissioners' report (which is true, see Sec 1575, R. S. 1929); and that no matters dependent upon a bill of exceptions can be considered because no motion for new trial was filed after this final judgment was entered. Thus, instead of the more usual objection that the motion for new trial was filed too late, plaintiff's objection is that appellant's motion for new trial was filed too soon.

Our statute (Sec. 1005, R. S. 1929) says that motions for new trials "shall be made within four days *after the trial*," and during the same term. As we said in Melenson v. Howell, 344 Mo. 1127, 130 S. W. (2d) 555:

"A motion for new trial is a common law motion to prevent judgment, so it is directed only to the verdict and not to any judgment. [State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S. W. 916, l. c. 920.] Its primary purpose is to prevent the entry of a final judgment, on the verdict, which it would accomplish if sustained. The usual practice in this State is to immediately enter a judgment on a verdict. However, such a judgment remains interlocutory and does not become final until after the time for filing motions to prevent entry of judgment has expired (Sec. 1005, R. S. 1929, Mo. Stat. Ann., sec. 1005, p. 1272) without such motions being filed, or, if filed, until they are determined. [Cox v. Frank L. Schaab Stove & Furniture Co., 332 Mo. 492, 58 S. W. (2d) 700; Stephens v. D. M. Oberman Mfg. Co., 334 Mo. 1078, 70 S. W. (2d) 899.]"

As we also pointed out in Melenson v. Howell, supra, we have given the motion for new trial an additional function by statute (Sec. 1061, R. S. 1929) to preserve matters of exception for appellate review, but nevertheless one timely motion for new trial is sufficient for all purposes. Therefore, a motion for new trial is properly filed as soon as the verdict is returned, or in a case tried before the court as soon as the court has decided the case; and if a judgment (final in form) is entered either before or after a timely motion for new trial is filed, it is suspended thereby (remains interlocutory) until the motion is decided.

Under our usual practice, in most cases tried before the court without a jury, the decision of the court is not made until a judgment (final in form) is entered. Of course, a motion filed within four days thereafter is timely, and there would be no occasion to

file one earlier. However, partition is different from the ordinary action in that usually the part of the trial, which determines the right of the parties in the property, takes place at a term prior to the term at which the trial of the case is completed and ready for final judgment. Because of this different nature of partition, the Legislature has provided a separate code for this action. [Art. 11, Chap. 7, R. S. 1929.] In order to afford an opportunity to promptly settle this issue of title, our appeal statute (Sec. 1018, R. S. 1929) was amended (Laws 1891, p. 90) to permit appeals "from any interlocutory judgments in actions of partition which determine the rights of the parties." But it is expressly provided that "a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case." So the court retains jurisdiction to modify the interlocutory judgment at any time before final judgment; and the losing party, on the issue of rights in the property, may (as appellant did here) wait until the whole case is decided (after report of division or sale) before appealing. [Aull v. Day, 133 Mo. 337, 34 S. W. 578; Padgett v. Smith, 206 Mo. 303, 103 S. W. 943; Fogle v. Pindell, 248 Mo. 65, 154 S. W. 81.]

To supplement the provisions of Article 7 (specifying procedure in partition), Section 1553, Revised Statutes 1929, provides that "all pleadings and proceedings under this article shall be had as in ordinary civil actions." So if a motion for new trial is filed too late there can be no appellate review except on the record proper. [Marsala v. Marsala, 288 Mo. 501, 232 S. W. 1048; Sec. 1061, R. S. 1929; Tucker v. Burford (Mo. App.), 95 S. W. (2d) 866.] Plaintiff does not deny appellant's right to appeal from the final judgment but the question here concerns the extent of the review to which appellant is entitled. Plaintiff's contention is that the review must be limited to the record proper because the motion for new trial in this case was filed too soon.

This court ruled on a similar contention in Goode v. Lewis, 118 Mo. 357, 24 S. W. 61. There the partition decree was entered at the July, 1890, term and sale ordered. At the February, 1891, term, report of sale was filed on February 17th; on February 19th defendant filed exceptions to the report of sale. The final judgment (order confirming the sale) was entered on February 25th. This court held that defendant's exceptions should be considered a motion for new trial because it stated, among its grounds, procedural errors during the trial. This court also held that such a motion, filed before final judgment, did preserve these matters of exception for appellate review, overruling the contention that it was not filed at the proper time, saying:

"The order of the court confirming the report of sale in this case

was made at the February term, 1891, and it follows that the motion for new trial was properly filed at that term. But it is again insisted that it was filed out of time, because filed five or six days before the order of confirmation was entered. A motion for new trial must be made within four days after final judgment, and usually it is not filed until after such judgment is pronounced, but it does not follow that it must be disregarded because filed earlier than the practice requires. It was certainly good and sufficient to preserve errors committed at and prior to the time when it was filed; and hence good to preserve the rulings of the court in giving and refusing instructions.''

■ This decision (in Division One) has been followed (in Division Two) in Schee v. Schee, 319 Mo. 542, 4 S. W. (2d) 760. We think this ruling is sound as applied to partition cases and it is decisive here. When appellant's motion to set aside the interlocutory judgment was overruled, (after the case had been reopened and new evidence heard on this motion) at the March Term, 1937), the court's findings on that issue were thereby made and settled during the judgment term, and the situation was similar to findings by verdict in ordinary actions. Appellant's motion for new trial filed within four days thereafter. clearly stated appellant's grounds for exceptions on the merits to the court and, on the day the court overruled this motion for new trial, it entered final judgment (the order approving report of partition, which report had been filed before the filing of appellant's motion for new trial) also at the March Term, 1937. Thus the court was given an opportunity to decide appellant's exceptions on the trial of the merits, and to thereby correct its errors, as required by Section 1061, Revised Statutes 1929, on the very day it entered final judgment; and it thus treated the motions for new trial, and in arrest, as preventing final judgment until overruled, which was proper practice at common law. [Stephens v. D. M. Oberman Mfg. Co., 334 Mo. 1078, 70 S. W. (2d) 899; Cox v. Shaab Stove & Furniture Co., 332 Mo. 492, 58 S. W. (2d) 700; State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S. W. 916.] We hold that this motion of March 31st did serve the purpose of preserving for appellate review matters dependent on the bill of exceptions concerning the merits of the issue of title to the land.

■ Plaintiff claims under foreclosure in 1936 of a deed of trust, upon the interest of F. C. Cross (appellant's adoptive father) in the land, given by him and his second wife in 1930 to secure a loan from plaintiff. Appellant placed in evidence a transcript of probate proceedings in Los Angeles County, California, showing that Cross was appointed administrator with the will annexed of the estate of appellant's mother in 1926 (when appellant was seven years old); that he there fully administered the estate in accordance with this will; that he reduced the personal estate to cash, took everything that the will gave him therefrom, and in January, 1927, made final settlement

of the estate; and that "all debts of said deceased and of said estate," all expenses of administration, and all taxes were "paid and discharged." Plaintiff says: "The defense that Fred C. Cross had accepted the benefits of the will of his wife, Anna M. Cross, in California, was not available to the defendant, Geraldine Cross, for the reason that it was not pleaded in defendant's answer," because "the defense is necessarily one of equitable estoppel (which is an affirmative defense) based upon the theory that a person cannot be allowed to take inconsistent positions." Whether this is true or not (and it might be if only personal property was involved), appellant's showing would be at least sufficient to warrant this court in the exercise of its discretion, to safeguard the interest of a minor party appearing from the record before us, to reverse the judgment and remand the cause for a new trial because such showing in the record indicates that appellant could prove that Cross was not entitled to any interest in the Missouri land. [Williams v. Walker, 333 Mo. 322, 62 S. W. (2d) 840; Byrne v. Prudential Ins. Co. (Mo. App.), 88 S. W. (2d) 344; Markley v. K. C. S. Railroad Co., 338 Mo. 436, 90 S. W. (2d) 409; see also Spotts v. Spotts, 331 Mo. 917, 55 S. W. (2d) 977.] Plaintiff also says that appellant failed to show her title because "she did not plead or prove the California law and made no showing that Fred C. Cross had any right of election under the California law to accept or reject the terms of the will of his wife, Anna M. Cross." However, our view is that, since plaintiff alleges title to this Missouri land under conveyance from Cross, it must prove this title by showing that Cross had a right of election under the Missouri law. He could only get title to Missouri land against the devise to appellant in the will by compliance with the laws of Missouri, which would give him a right of election. We find that it clearly appears from plaintiff's evidence that Cross did not comply with essential requirements of the Missouri statutes and therefore never obtained any title to or interest in this land.

The will of appellant's mother which devised the land in controversy to appellant was shown by plaintiff's own evidence, as were also the facts that this will left both real estate and personal property to her husband (Cross), who was plaintiff's grantor; that this will was probated in California, which was the domicile of the testatrix; that this will was witnessed as required by the laws of Missouri; that this will was filed in California in July, 1926; that it was filed in Missouri in November, 1927; and that there was then no known personal property in the estate. Plaintiff also showed that in November, 1927, Cross filed and had recorded the following instrument, signed and acknowledged by him, to-wit:

"Now comes F. C. Cross and declares that he is the widower of Anna M. Cross, deceased, and elects to be endowed absolutely with a part or share equal to the share of a child of such Anna M. Cross in

the lands of said deceased in the State of Missouri and that this election is made and filed within six months after the issuance of letters of administration in the State of Missouri on the estate of said Anna M. Cross, deceased.''

Although plaintiff pleads that Cross filed ''a Renunciation of said will of said Anna M. Cross and his Election to take a Child's Share in said real estate, duly signed and acknowledged according to law,'' no such Renunciation appears in the record. So far as plaintiff's proof shows, the only instrument executed and filed by Cross is the one here-in-above set out, which in no way mentions renunciation of the will. Therefore, plaintiff is without proof that Cross ever renounced his wife's will anywhere. Our statutes, since abolishing curtesy in 1921, have given either surviving spouse the same rights in the real etate of the deceased spouse. [Sec. 319, R. S. 1929, Laws 1921, p. 119; 2 Limbaugh's Missouri Practice 59, sec. 744.] If the deceased spouse died intestate then it would only be necessary for the surviving spouse to make an election by the method required by Section 329, Revised Statutes 1929, in order to take an absolute interest subject to debts. If no such election is made within the time there specified the surviving spouse is endowed with a one-third interest for life free from debts. [Secs. 318-319, R. S. 1929; Ferguson v. Long, 341 Mo. 182, 107 S. W. (2d) 7; Colvin v. Hutchison, 338 Mo. 576, 92 S. W. (2d) 667, 105 A. L. R. 266; Wallace v. Crank, 324 Mo. 1114, 26 S. W. (2d) 601; Thomas v. McGhee, 320 Mo. 519, 8 S. W. (2d) 71 (this court has said the husband's right is not called dower but it is a reciprocal right in Strock v. Eagle, 330 Mo. 12, 48 S. W. (2d) 851.] However, where there is a will leaving any real estate to the surviving spouse, ''such devise shall be in lieu of dower'' unless otherwise declared by the will. [Sec. 332, R. S. 1929.] In such case, the surviving spouse is not endowed in any real estate unless the provisions of the will are renounced as required by Section 333, Revised Statutes 1929. [Colvin v. Hutchison, supra; In re Bernays' Estate, 344 Mo. 135, 126 S. W. (2d) 209; Trautz v. Lemp, 329 Mo. 580, 46 S. W. (2d) 135; O'Brien v. Sedalia Trust Co., 319 Mo. 1001, 5 S. W. (2d) 74.] ''After renunciation of the will'' the surviving spouse is ''entitled to an election to take a child's part in lieu of dower.'' [McLain v. Mercantile Trust Co., 292 Mo. 114, 237 S. W. 506.] In other words, timely *renunciation* (Sec. 333) nullifies devises of real estate to others insofar as they conflict with common-law dower (or election dower if election is thereafter made) and endows the surviving spouse with common law (life estate free from debts) dower; timely election (Sec. 329) thereafter vests absolute title (one-half or child's part in fee subject to debts) in the surviving spouse; but until there is *renunciation* by the surviving spouse to give up his or her devises in the will (which are in lieu of dower

under the statute), the other devises therein remain valid and there is no right of *election* against them in existence.

It seems clear that the purported election of Cross was an election to take all that the will gave him *and* a child's part in addition thereto. Certainly, there is no such election provided by the laws of this State. Therefore, plaintiff did not and could not get any title through the conveyance from Cross because: (1) Cross was devised real estate by his wife's will; (2) Cross did not renounce this provision made for him by the will "within twelve months after the proof of the will," or at any time; (3) no right of election ever accrued to Cross; and (4) no partition of this land (devised to appellant by her mother's will) can be made "contrary to the intention of the testator, expressed in . . . such will" (Sec. 1557, R. S. 1929) which was not renounced (but was in fact accepted) and still remained in full force and effect. However, in equity and justice, plaintiff might be entitled to an allowance for present value of improvements made with its money (after accounting to appellant for rental values) and, upon proper showing, the trial court could allow an opportunity to make such a claim. [Lester v. Tyler (Mo.), 69 S. W. (2d) 633, l. c. 638, and cases cited.]

The judgment is reversed and the cause remanded with directions to proceed in accordance with this opinion. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by Hyde, C., is adopted as the opinion of the court. All the judges concur.