**Vivian Hart UNSEL, et al., Respondents,**

v.

**Mary Hart MEIER, et al., Appellants.**

No. 19343.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 3, 1994.

Hal E. Hunter, Jr., New Madrid, for appellants.

David A. Potashnick, Potashnick Law Offices, Sikeston, for respondents.

MONTGOMERY, Judge.

Plaintiffs brought this action seeking partition in kind of certain real estate in New Madrid County. Following a rather extensive hearing, the trial court entered an interlocutory judgment which ordered "that partition in kind be had herein" and allowed the attorneys a time period in which "to submit names of proposed commissioners." Defendants appeal, contending that the trial court erred in ordering partition because Plaintiffs failed to plead or prove the necessary grounds for partition of real estate devised for life and then to the bodily heirs of the life tenants.

■ Plaintiffs filed a motion to dismiss the appeal which alleges this Court is without jurisdiction because the interlocutory judgment is not a final judgment and is, therefore, unappealable. Defendants oppose this motion by stating, without citation of authority, that the interlocutory judgment "is a final order insofar as finding that the property is partitionable" and that the parties only disagree on whether the "property, entailed as this property, is partitionable." We agree with Plaintiffs and dismiss the appeal.

The question raised by Plaintiffs' motion is whether the judgment before us is an interlocutory judgment in partition which *determined the rights* of the parties. If answered affirmatively, the judgment is appealable under a provision of § 512.020, RSMo 1986, which allows appeals from "interlocutory judgments in actions of partition which determine the rights of the parties." Otherwise, Defendants' right to appeal is governed by another provision of § 512.020 which allows an appeal "from any final judgment in the case." *See Sutton v. Goldenberg,* 862 S.W.2d 515, 516 (Mo.App.1993).

This question is answered by the holding in *First Nat'l Bank of Carrollton v. Eucalyptus,* 721 S.W.2d 165 (Mo.App.1986). There, the trial court entered an interlocutory decree in partition ordering the land sold instead of divided in kind. The appellant maintained the trial court erred in that there was no evidence the parties would be prejudiced by partition in kind. The Western District of this Court stated the issue was whether the order was an interlocutory decree determining the rights of the parties and thus, appealable under § 512.020. The Western District held that because the appeal presented no issue regarding the rights of the parties in the property, but only the issue of whether it should be sold or divided in kind, interlocutory appeal of the order was unauthorized by the statute. *Id.* at 167. The court noted that review would be available upon entry of a final judgment and added: "The final judgment in a partition suit where a sale of the land is ordered is the order approving the sale and providing for the distribution of the sale proceeds." *Id.*

In reaching its decision, the Western District relied on three Missouri Supreme Court cases [1] discussing the right to appeal from interlocutory judgments in partition based on the predecessor statutes to § 512.020 (the

1. Those cases are *Young v. Young,* 175 S.W. 585 (Mo.1915); *Lee's Summit Bldg. & Loan Ass'n v. Cross,* 345 Mo. 501, 134 S.W.2d 19 (1939); and *England v. Poehlman,* 359 Mo. 369, 221 S.W.2d 742 (1949).

language in the earlier statutes is identical to the present statute). In analyzing these cases, the Western District determined that the Supreme Court was suggesting that the appeals statute only allowed appeals from interlocutory judgments in partition which determined title or quantum of interest in the subject real estate. *Id.* at 166–67.

Here, like in *Eucalyptus,* Defendants' answer admitted Plaintiffs' allegations concerning each party's interest in the land. Consequently, the interlocutory judgment ordered partition in kind based on the quantum of interest admittedly owned by each party. In other words, title was not disputed. Here, as in *Eucalyptus,* there is no issue raised concerning the rights of the parties in the property. Said another way, Defendants in this case own the same quantum of interest in the property after the judgment as before. Under these circumstances, *Eucalyptus* teaches that an interlocutory appeal is improper.

■ As noted in the *Eucalyptus* opinion, Defendants here are not without a remedy. Review is available to them upon entry of a final judgment. That will occur when the trial court enters a judgment confirming the report of the commissioners. Rule 96.16;[2] *see Cross,* 134 S.W.2d at 23. However, pursuant to Rule 96.15, the commissioners may report that partition in kind cannot be made without great prejudice to the owners or that partition can be made only of a part of the land. In either event, the trial court may order sale of the land. Rule 96.18. If sale of the land is ordered, review is available as indicated in *Eucalyptus.*

The appeal is dismissed.

SHRUM, C.J., and FLANIGAN, J., concur.

---

**2.** Rule references are to Missouri Rules of Court (1994).