Joseph W. FORNEY, Plaintiff–
Respondent,

v.

Leland G. FORNEY, et al., Shirley
Forney, Defendant–Appellant,

and

Frank Burch and Connie Burch,
Intervenors–Respondents.

No. 68509.

Missouri Court of Appeals,
Eastern District.
Northern Division.

July 16, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 28, 1996.

Application to Transfer Denied
Oct. 22, 1996.

Joseph E. Cordell, Cordell & Cordell, St. Louis, for Appellant.

Mike Greenwell, Wallace & Greenwell, L.L.C., Shelbina, for Respondent.

Joseph D. Welch, Ely, Cary, Welch & Hickman, Hannibal, for Intervenors.

HOFF, Judge.

Appellant, Shirley Forney, appeals from the judgment of the trial court denying her motion to set aside a partition sale and confirming the report of sale. We affirm.

Appellant's mother, Pearl Forney, and appellant's brother, Jesse Forney, owned real estate in Marion County as tenants in common. After their deaths, five Forney siblings each owned a one-fifth interest in this real estate as tenants in common. One of the siblings, Joseph W. Forney, filed a Petition for Partition of Real Property in the trial court of Marion County. The trial court ordered the property to be sold and appointed a special commissioner to conduct a partition sale of the real estate.

On May 26, 1995, the partition sale was conducted. The advertised terms of the sale, as stated in the Notice of Partition Sale, were "Deposit of 10% of the purchase price must be submitted with the bid by a certified check or cashier's check payable to the undersigned Special Commissioner . . . ."

Appellant was the highest bidder at the partition sale with a $321,000 bid. Appellant did not present either a certified check or a cashier's check at the time of the bid, but the special commissioner adjourned the partition sale to give appellant approximately forty-five minutes to comply with the terms. The special commissioner told the rest of the crowd to "stay around." After forty-five minutes expired and appellant failed to present the required ten percent of the purchase price, the special commissioner resold the property to Frank and Connie Burch and Ronald and Michelle Lehenbauer (Buyers) for $303,000. The Buyers complied with the terms of the sale by producing a cashier's check for ten percent down with the bid. After the payment, the property was declared sold.

On June 5, 1995, appellant filed her Notice and Motion for Order to Set Aside Sale and to Confirm the Sale to Purchaser. On June 7, 1995, the special commissioner filed his Report of Sale, naming Buyers as owners of the real estate. On the same day, the trial court entered a judgment denying appellant's motion to set aside the sale and confirmed the sale of the real estate to Buyers. Appellant appeals this judgment of the trial court.

■ The confirmation or the rejection of a sale in partition is within the sound discretion of the trial court and such a determination will not be disturbed on appeal unless there is a manifest abuse of discretion. *Di-Leo v. Hunter*, 505 S.W.2d 112, 114 (Mo.App. 1974).

Appellant's first point on appeal asserts that because of irregularities in the sale procedure, the trial court erred in overruling her motion to set aside the partition sale. Appellant contends she was the highest bidder at the partition sale but concedes she did not have the required ten percent of the purchase price in certified check or cashier's check. Appellant asserts she did have a personal check of the required ten percent of purchase price which the special commissioner could have verified.

Appellant contends the partition sale was irregular and should be set aside because the special commissioner gave her forty-five minutes to comply with the terms of the sale. Appellant alternatively contends the special commissioner's allowance of this forty-five minute time period constituted a waiver of the advertised terms requiring ten percent of the purchase price by certified check or cashier's check at the time of the bid. She further argues that because she owned twenty percent of the property for sale, this own-

ership interest could have been used as a credit toward the purchase price.

■ Partition is strictly statutory, and the sheriff may only proceed as authorized by statute or rule. *Parks v. Rapp,* 907 S.W.2d 286, 290 (Mo.App.1995). The general rule is that a notice and sale must comply with the provisions of the decree. *Koester v. Koester,* 543 S.W.2d 51, 54 (Mo.App.1976). In order to render a sale void or voidable, the irregularity must be such as to effect the sale to the prejudice of the parties. *Id.* Mere technical irregularities in proper procedure in conduct of the partition sale will not void the sale. *Parks,* 907 S.W.2d at 290.

In *Parks,* the court found there were a host of irregularities in the conduct of the sale and payment of the purchase price. *Id.* The issue for the court in *Parks* was whether the irregularities were substantial deviations from the court's order, and if so, whether they were so prejudicial as to require the sale to be set aside. *Id.* Although the court held irregularities did exist, it found they were not so substantial nor so prejudicial for the court to set aside the sale. *Id.* at 291.

■ In this case, appellant argues that granting her forty-five minutes to comply with the terms of the sale was so irregular that the sale should be set aside. After appellant's high bid, however, the special commissioner adjourned the sale and informed the bidders to remain until it could be determined whether appellant could comply with the advertised terms of the sale. After approximately forty-five minutes, when it was clear appellant was unable to comply with the sale terms, the special commissioner rebid the property.

■ We find this procedure was not a substantial irregularity in the sale terms to warrant the sale be set aside. Furthermore, the special commissioner's conduct did not constitute a waiver of the sale terms because the terms of a partition sale are strictly statutory and the special commissioner could not unilaterally waive such terms. *Parks,* 907 S.W.2d at 290.

We also find it significant appellant was not prejudiced by this alleged irregularity because it was to her benefit the special commissioner allowed her time to comply with the advertised terms of the sale.

■ Additionally, appellant's twenty percent ownership interest in the property could not be used as credit towards the purchase price. This did not comply with the specific terms of the partition sale, which required a ten percent payment of the purchase price by a certified check or a cashier's check at the time of the bid.

We find no substantial irregularity in the partition sale. Appellant's first point denied.

Appellant's second point on appeal contends the trial court erred in not requiring a new sale with new advertised terms because the special commissioner failed promptly to conduct a resale.

■ Our holding on the first point is dispositive. No resale upon new advertised terms was necessary because a resale was conducted promptly after appellant's non-compliance with the sale terms and after notice to potential buyers to remain for possible rebidding. *Stone v. Stone,* 176 S.W.2d 464, 467 (Mo.1944).

Judgment of the trial court is affirmed.

CRANE, C.J., and CRANDALL, J., concur.