John Lester SOUTHARD, Donna G. Southard, and Michael J. Southard, Trustees of the John J. Southard Trust Dated June 16, 1998, Plaintiffs–Respondents,

v.

Emmett F. SOUTHARD and Valerie Southard, Defendants–Appellants.

No. 25063.

Missouri Court of Appeals, Southern District, Division Two.

May 28, 2003.

Karl W. Blanchard, Jr., Phillip D. Great-house, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for appellants.

Richard J. Collins, Collins, Webster & Rouse, P.C., Joplin, for respondents.

KENNETH W. SHRUM, Judge.

This appeal is from a judgment in a partition suit that purportedly divided a 120–acre real estate tract "in-kind," i.e., sixty acres to Plaintiffs and sixty acres to Defendants. Defendants maintain their rights were so prejudiced by the judgment as to mandate reversal. Their principal claim of prejudice is that the division "landlocked" one-half of the acreage awarded to them. In a separate point, Defendants assert the trial court erred in its award of attorney fees and court costs.

■ We dismiss the appeal because the trial court has not exhausted its jurisdiction and a final, appealable judgment does not exist. This follows because commissioners were not appointed to divide the real estate; consequently, the judgment cannot and does not include an order confirming a commissioners' report, which is a prerequisite to a final judgment in this case.

■ Supreme Court Rule 96 and Chapter 528 authorize two methods of partition of real estate.[1] *Darrington v. George*, 982 S.W.2d 823, 825 (Mo.App.1998). "A court may partition in kind or may order a sale and division of the proceeds if it finds partition in kind cannot be made without great prejudice to the owners." *Id.* (citing Rules 96.01 and 96.11).[2] Partition of land by court action, however, is strictly statutory and may be affected only by the procedures set forth in Rule 96 and Chapter 528. *Forney v. Forney*, 926 S.W.2d 889, 891 (Mo.App.1996).

When a court decides that partition in kind can be done without great prejudice to the parties in interest, it "shall appoint three commissioners ... to make the partition." Rule 96.12; *see also* § 528.200.

---

1. All rule references are to Missouri Supreme Court Rules (2003), unless otherwise specified. All statutory references are to RSMo (2000), unless otherwise stated.

2. In part, Rule 96.01 provides that "[o]wners of interests in land in ... tenancy in common ... may bring an action for partition, if the same can be done without great prejudice to the parties in interest, and if not, then for a sale of the property, and a division of the proceeds thereof." Rule 96.11 provides that "[i]f the court finds that partition in kind cannot be made without great prejudice to the owners an order of sale may be made without the appointment of commissioners."

Once the commissioners are appointed, qualified, and complete their work, they "shall make a written report describing the land divided and the shares allotted to the parties." Rule 96.15; § 528.280. Thereon, the court may (for good cause shown) set aside the report and appoint new commissioners, *or* it "may confirm the report and order judgment thereon." Rule 96.16; *see also* §§ 528.300 and 528.310.

When, as here, a court finds "in-kind" partition is possible, a "final judgment" is not rendered until the trial court confirms the commissioners' report and orders judgment thereon. *Lee's Summit Bldg. & Loan Ass'n v. Cross,* 345 Mo. 501, 134 S.W.2d 19, 22[1] (Mo.1939); *Lester v. Tyler,* 69 S.W.2d 633, 638 (Mo.1934); *Unsel v. Meier,* 880 S.W.2d 646, 648[2] (Mo. App.1994). Although neither party raised the issue of finality before the trial court or before this court on appeal, we must raise it *sua sponte.* This follows because "[a] prerequisite to appellate review is that there be a final judgment." *Boley v. Knowles,* 905 S.W.2d 86, 88 (Mo.banc 1995) (citing § 512.020). When a trial court's judgment is not final, an appellate court lacks jurisdiction, and the appeal must be dismissed. *Comm. for Educ. Equality v. State,* 878 S.W.2d 446, 454 (Mo.banc 1994).

The rule that a final judgment must exist before appellate review can be undertaken applies in most partition cases. The only exception is that appeals may be taken from "interlocutory judgments in partition which determined title or quantum of interest in the subject real estate."

*See Unsel,* 880 S.W.2d at 648 (interpreting the section 512.020 provision that authorizes appeals from interlocutory judgments in actions of partition which determine the rights of the parties). The section 512.020 exception, however, is not implicated here as Defendants do not complain that the trial court erred in its determination of title or quantum of interest. Their complaint is that they were prejudiced because their allotted land included thirty acres that was landlocked and that the court erred when it ordered Defendants to pay attorney fees and court costs. As such, the general rule attends, i.e., no appealable judgment exists until the trial court confirms a commissioners' report and orders judgment thereon. *Cross,* 134 S.W.2d at 22[1]; *Lester,* 69 S.W.2d at 638; *Unsel,* 880 S.W.2d at 648.

Because there was no commissioners' report to confirm and to enter judgment thereon, the trial court did not exhaust its jurisdiction; consequently, the purported judgment is not one from which an appeal can be taken. *See Unsel,* 880 S.W.2d at 648. Appellate courts have the duty to determine *sua sponte* their jurisdiction, and when, as here, a judgment is not final it must be dismissed. *Id.*

Defendants' appeal is dismissed.[3]

PREWITT, P.J., concurs.

RAHMEYER, C.J., concurs.

---

**3.** Plaintiffs' petition had two counts, the first seeking partition of the 120 acres described in the judgment, and the second praying for partition of lots situated in Prosperity, Missouri. Nothing in the record shows a disposition of Count II or that a "no just reason for delay" finding was made per Rule 74.01(b); consequently, dismissal is warranted for this additional reason. Appellate courts have jurisdiction only over final judgments that dispose of all parties and issues and leave nothing for future determination. *Gateway Directory Publishing Group, Inc. v. Fischer,* 84 S.W.3d 496, 497 (Mo.App.2002). "If the trial court does not either resolve all the issues as to all parties or expressly designate 'there is no just reason for delay,' the appeal must be dismissed." *Id.*